[Civil No. 1915.  Filed December 8, 1922.]

[210 Pac. 690.]

# R. F. COOPER and J. T. COOPER, Appellants, v. A. G. HOLDER, Appellee.

1. APPEAL AND ERROR — OBJECTIONABLE EVIDENCE MUST BE MET BY OBJECTION AND MOTION TO STRIKE.—Assignments of error based on a violation of the parol evidence rule against varying the terms of written contracts will not be considered, where the evidence was admitted without objection and no motion was made to strike it after its admission.

2. BILLS AND NOTES — WHETHER AGREEMENT TO ASSIGN LEASE TO MAKERS' AGENT WAS PART OF THE CONSIDERATION OF NOTE HELD A MATTER OF ALLEGATION AND PROOF.—In an action on a note, whether an agreement by the payee to assign a lease to the makers' agent was part of the consideration, and whether the assignee of the lease took the assignment as trustee or agent of the makers of the note, were matters of allegation and proof.

3. EVIDENCE — WHETHER INSTRUMENTS ARE INDEPENDENT MAY BE SHOWN BY EXTRINSIC EVIDENCE.—Extrinsic evidence is admissible to show whether several instruments are independent of each other, though the parties to the instruments are identical and the instruments pertain to the same subject matter.

4. APPEAL AND ERROR—OBJECTION TO MANNER OF ASSIGNMENT BY ONE PAYEE OF NOTE TO THE OTHER CANNOT BE RAISED FOR FIRST TIME ON APPEAL.—An objection by the makers of a note that an assignment by one of the payees of his interest to the other payee was not properly made cannot be raised for the first time on appeal, in view of Civil Code of 1913, paragraph 468, subdivision 4, and paragraph 469, providing that a defect of parties plaintiff, if apparent on the face of the pleading, may be raised by demurrer and by answer where the defect is not apparent on the face of the pleading.

APPEAL from a judgment of the Superior Court of the County of Yavapai.  John J. Sweeney, Judge.  Affirmed.

STATEMENT OF FACTS.

On May 25, 1918, the defendants, R. F. Cooper and J. T. Cooper, made and delivered their promissory note to Holder & Holder, for $800, bearing interest

at eight per cent per annum, payable on or before June 1, 1919. Thereafter, and before suit was commenced, W. S. Holder, one of the payees, indorsed the same over to the other payee in these words:

"J. F. Cooper.
"Please pay all this note to A. G. Holder.
"[Signed] S. W. HOLDER."

On August 1, 1919, A. G. Holder instituted this action to collect note. The defendants' amended answer admits the execution of the note and its nonpayment; alleges as a defense that note was given in consideration of the transfer to defendant R. F. Cooper of all improvements situated on section 26, township 16 north, range 3 west, consisting of a house in value not exceeding $50; three miles of poorly constructed three-barb wire fence in value not exceeding $100; and a tank or dirt reservoir on the west half of said section 26 which was the only improvement of any particular value to defendants; and in consideration of plaintiff's (A. G. Holder's) agreement to transfer to defendants' agent, one Tom L. Rodgers, the lease which said plaintiff represented he held from the state of Arizona, upon the whole of said section 26. It is further alleged said plaintiff had not transferred said lease and could do so only of the east half thereof, he never having had any lease from the state, of the west half thereof on which was situated the said dirt reservoir, and therefore there was a total failure of consideration for note. Then follows an offer to pay when a lease of said section 26 is obtained by plaintiff from the state to them, or in the absence of a lease of the entire section they "tender back to plaintiff such improvements as were actually owned by plaintiff and asked for return and cancellation of note." The title to the personal property was transferred to defendant R. F. Cooper by a written

bill of sale for a consideration of $1, and the agreement to sign lease to Tom L. Rodgers was also in writing and recited a consideration of $1. These two instruments were dated May 21, 1918, four days before the date of the note. Both instruments were attached to defendants' answer as exhibits.

Plaintiff's reply to the defendants' answer of failure of consideration was that note was given in consideration of the transfer to defendant R. F. Cooper of the personal property on section 26 "consisting in part of fencing, a frame house, a frame shed, a well with engine, pump and trough, water-tank and a dip vat"; "that before any contract was made this plaintiff went with defendant over the grounds and examined the property and turned it over to him, and further states that it was on the basis and consideration of $800 for the personal property mentioned"; that the same was immediately delivered to said defendants, who have been since continuously in possession of same holding and using it; that the agreement to assign leasehold interest in section 26 to Tom L. Rodgers was made "by request and without any other additional consideration whatever, defendants stating that the improvements mentioned and described in the assignment, as set forth in said answer, constituted the consideration for which the note was given and the payment agreed to be made."

Mr. A. H. Favour, Mr. Howard Cornick and Mr. Arthur G. Baker, for Appellants.

Messrs. Norris & Norris, for Appellee.

ROSS, C. J. (After Stating the Facts as Above.)— The case was tried to the court without a jury. The defendants introduced evidence tending to show that the note in question was given in consideration of the

transfer of the personal property situated on section 26, and of the agreement to transfer to Tom L. Rodgers, trustee or agent, the plaintiff's leasehold from the state, on section 26. In other words, the defendants' testimony tended to show that the note and these two instruments all constituted but one transaction and grew out of the same negotiations.

Plaintiff, to support the allegations of his reply, introduced evidence, without any objection on the part of the defendants, tending to show that the note was given for the personal property situate on section 26 and for no other consideration; the defendants had taken possession of said personal property and the land on which they were situate, and had been continuously in the use and occupation of the same. That although the agreement to assign the leasehold from the state of section 26 was made by plaintiff, A. G. Holder, it was no part of the consideration. The court found the issues in favor of the plaintiff and entered judgment for the amount of the note, together with the interest and attorneys' fees. Defendants prosecute their appeal from the judgment.

Many assignments are made, most of which are based upon a violation of the parol evidence rule against varying the terms of written contracts. It may be that the three instruments—the note, the bill of sale of the improvements, and the agreement to assign the lease—were part of one and the same transaction and constituted but one contract. The plaintiff's reply, however, challenged that as a fact and set up that the agreement to assign the leasehold interest was no part of the consideration. No exception was taken to the sufficiency of this reply. It was not challenged by the defendants as an effort to vary the terms of the written contract, either by pleading or on the introduction of evidence. The evidence of the plaintiff, supporting that allegation, was

admitted without objection. After its admission no motion was made to strike it. As we understand the rule, parties to litigation may, by their voluntary act, deprive themselves of the benefit of any rule of law, except when the interests of the public might suffer thereby. In *Brady* v. *Nally,* 151 N. Y. 258, 45 N. E. 547, this rule is distinctly announced; the question involved being the admission of parol evidence varying the terms of a written contract. The court there said:

"We think that the plaintiff waived his right to object to the consideration of that testimony by failing to make objection when it was received, and by neither moving to strike it out, nor directly challenging its effect in any way. If he desired the referee to disregard it, it was his duty to say so before the close of the trial. If he wished to have it out of the case, he should have made a motion to that effect. He could not expect the court, of its own motion, to refuse to consider testimony which he did not see fit to object to when it was received, and which he allowed to remain as evidence, without protest or question. By failing to take the position during the trial that it was not legal evidence, and, hence, that it should be disregarded, he impliedly consented that it should be considered and acted upon by the referee, who, indeed, had no right to refuse consideration to anything that the parties had spread before him as evidence to guide him in passing upon their rights.

"It is, however, insisted that in view of the conclusive nature of the presumption that the written agreement embraced the entire contract between the parties, the parol evidence, although received by consent, cannot overcome that presumption. The answer to this position is that the parties may, by agreement, express or implied, accept oral testimony instead of the presumption ordinarily arising from written evidence. They have the right to make a rule of evidence for their own case, and they are presumed to have done so when testimony, otherwise incompetent, is received without objection, and without any effort

to have it stricken from the minutes, or disregarded by the trial court. They may waive the rules established by the courts to govern the admission of evidence, the same as they may waive the rule established by the legislature, that certain contracts must be in writing; and a waiver may be inferred from the failure of the party, for whose benefit the rule was made, to object in due season, or in some way to insist upon compliance with the law.''

It cannot be said, as a matter of law, the agreement to assign the lease was a part of the consideration for the note from the simple fact that it was executed or delivered contemporaneously with the note and bill of sale. The bill of sale was to R. F. Cooper. The note was signed by the Coopers and ran to the grantors in the bill of sale. The assignee of the lease, Tom L. Rodgers, is not one of the makers of the note, and that he took such assignment as trustee or agent of the Coopers was a matter of allegation and proof. So whether the agreement to assign the lease to Rodgers was a part of the consideration for the note signed by the Coopers was likewise a matter of allegation and proof. Rodgers was a stranger to the note and bill of sale. The several instruments were not between the same parties. The instruments on their faces did not show an interdependence. It was necessary, therefore, that the Coopers not only allege, but prove, that they paid by the note the consideration for the agreement to assign the lease to Rodgers. Even when the parties to several instruments are identical and they pertain to the same subject matter, under some circumstances, it may be shown, by extrinsic evidence, whether they are dependent or interdependent of each other. *Torrey v. Shea,* 29 Cal. App. 313, 155 Pac. 820. The Holders testified that the agreement to assign lease to Rodgers was no part of the consideration for note, and the Coopers testified it was. Although the court made

no findings of facts, it must have accepted the evidence of the plaintiffs to the effect that the whole consideration for the note was the bill of sale of the improvements and that the agreement to assign the lease to Rodgers constituted no part of the consideration for note.

The defendants, in their answer, we suppose for the purpose of showing that the improvements conveyed to them, by the bill of sale, were an inadequate consideration for the note, described the improvements and their value. On the trial both sides, without objection, offered evidence as to the value of the improvements. Plaintiff, A. G. Holder, testified that he had paid $2,000 for the improvements, and thereafter added thereto improvements to the value of $500. He and other witnesses testified that the improvements at the time of the sale were worth to exceed $2,000. It is also shown that the plaintiff, A. G. Holder, at the time of the sale, had been drafted into military service, and was expecting any day to go to Camp Cody for training; that he had been using section 26 and the improvements thereon in connection with sheep or goat raising; and that since he could no longer utilize it for that purpose, he was willing to surrender or abandon the lease, if he could sell his improvements. It was also shown that defendant J. T. Cooper either owned, or held under lease from the state, practically all the sections surrounding or near to section 26. All these facts the court had before it, and they doubtless had weight in arriving at the real consideration paid for the note.

Another assignment is that the note was not properly assigned, since the indorsement by payee, W. S. Holder, was only his interest against J. T. Cooper; that assignment did not purport to convey to plaintiff his interest in the note as against defendant R. F. Cooper. This objection to the parties

plaintiff, if well founded, comes too late. It was not raised in the lower court, and is for the first time urged here. As was said by this court in *Hook* v. *Hoffman*, 16 Ariz. 540, 147 Pac. 722:

"The matter of raising an objection to a defect of parties plaintiff or defendant is regulated by statute. Civ. Code 1913, pars. 468 (4), 469."

Under these sections of the statute, if the defect of parties plaintiff is shown upon the face of the pleading, it may be reached by demurrer; if not thus shown, by answer. If the objection is not raised in one of these ways, it shall be deemed waived.

Finding no prejudicial error, the judgment of the lower court is affirmed.

McALISTER and FLANIGAN, JJ., concur.