JACK LELAND LATHROP and ASBURY TRANS-
PORTATION COMPANY, a California Corpora-
tion, Appellants, v. PATRICK JAMES SMITH,
Respondent.

No. 3837

October 3, 1955.                           288 P.2d 212.

*Morse, Graves & Compton,* of Las Vegas, for Appel-
lants.

*Foley & Foley,* of Las Vegas, and *Vargas, Dillon &
Bartlett,* of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

Appeal from order and judgment and from order
denying new trial.

This is an action brought by respondent for damages
resulting from the negligence of appellant Lathrop

while acting in the employ of the appellant Asbury Transportation Company.

Medical testimony established that following the accident respondent was suffering from injuries to his shoulder, elbow, and back. The back condition might have been attributed to an earlier injury or to an aggravation of that injury by the accident here involved.

Appellants' principal assignment of error relates to the judge's instruction to the jury with reference to aggravation. That instruction was as follows: "If, under the Court's instructions, you find the plaintiff entitled to a verdict, plaintiff is entitled to recover only such damages which resulted from the negligence of the defendants, and it would then be immaterial whether this accident proximately caused new injuries to the plaintiff or whether this accident was the cause of aggravating a pre-existing disability then suffered by the plaintiff."

Appellants point out that the instruction, in referring to injuries proper for consideration, specifically limits new injuries to those proximately caused by the accident, and does not so limit aggravation of pre-existing disability. Appellants contend that the instruction thus invited the jury to render a verdict for aggravation, whether such was proximately caused by the accident or not. Respondent contends that any possible error or ambiguity which might exist by reason of the language of the instruction is cured by other instructions stating the necessary causal relationship between act of negligence and injury. This point, however, we need not decide.

While appellants did formally and generally except to the giving of this instruction, it is clear from the record that their particular objection to the language used was never stated to the court. It is obvious that the asserted error is one which could easily have been cured had it been directed to the attention of the trial court and opposing counsel. Certainly none could have the

slightest objection to the change in language for which appellants now contend. This is just such a case as must have been contemplated by Rule 51 N.R.C.P. which states in part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

If error was committed in the giving of the instruction, then, it may not be asserted upon this appeal.

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.