ROBERT ORMAND, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, CARL REED, APPELLANT, v. GORDON D. BREHM, RESPONDENT.

No. 4975

April 19, 1966          413 P.2d 493

[Rehearing denied May 27, 1966]

*Foley Brothers,* and *Morse & Graves,* of Las Vegas, for Appellant.

*Singleton, DeLanoy & Jemison,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

Plaintiff brought this action to recover for injuries suffered in an automobile accident. Plaintiff who April 20, 1961 was 18 years of age, defendant, who was then 21, and two companions set off in the defendant's panel truck for an evening round trip from Las Vegas, Nevada, to Lathrop Wells, Nevada. Before starting, and after getting a contribution from each member of the party, defendant purchased approximately five dollars worth of beer for drinking during the drive. The trip to Lathrop Wells was uneventful. During this ride the four consumed most of the beer. After a brief stop at Lathrop Wells, the party drove to Ash Meadows. There, they stopped long enough for one drink and one of the companions decided to remain.

The defendant was driving when they turned homeward. Their route was to Death Valley Junction in California, a distance of approximately seven miles, and thence southeast on Highway 95 to Las Vegas. Although there was beer at hand, no one drank after leaving Ash Meadows. On the way to Death Valley Junction the defendant lost his way and was briefly mired in sand. After getting the vehicle out of the sand and headed in the right direction, the plaintiff and the other companion suggested that someone else drive, but the defendant refused to give up the wheel. Before reaching

Death Valley Junction, the defendant asked which direction he should turn at the Junction. Twice he was warned about excessive speed on a dirt road and responded by slowing down for the time being. As the automobile approached the Junction, a well marked intersection with directional signs, plaintiff and the other guest were asleep or dozing. The defendant at an excessive speed attempted a turn at the intersection and lost control. The vehicle overturned, seriously injuring plaintiff who is now a quadriplegic.

The jury awarded judgment for defendant. Plaintiff now appeals that at least two instructions given over objection were prejudicially erroneous. We agree and reverse.

1. The protested instructions were numbered "30" and "31" among a total of 43:

"INSTRUCTION NO. 30: An automobile guest who knowingly and intentionally participated in drunken conduct leading up to motorist's intoxicated condition is guilty of 'wilful misconduct.'

"INSTRUCTION NO. 31: You are hereby instructed that if you find that the defendant driver was intoxicated at the time of the accident, then, even though his conduct might have constituted wilful misconduct if he had not been intoxicated, if you find that such conduct was the result of intoxication, then you should consider such conduct as constituting driving while intoxicated rather than wilful misconduct."

Plaintiff-appellant contends these instructions were substantial distortions of applicable California law.[1] We agree and find error in failure to make crucial distinctions under the California "guest statute"[2] between a

_____

[1]The parties agreed to proceed under California law, lex loci.

[2]Cal.Veh. Code § 17158: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the guest during such ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or wilful misconduct of said driver." Cf. NRS 41.180(3).

host's liability for "intoxication" and his liability for "wilful misconduct."

2. Assuming plaintiff was a "guest," he could recover only if the proximate cause of his injuries was his "host"-driver's "intoxication or wilful misconduct." The fatal flaw of Instruction 31 was that it kept jurors from possibly finding *both* intoxication and wilful misconduct were proximate causes of the accident. Instead, if the jurors found intoxication they could look no further. Instruction 31 said that all the driver's acts should then be deemed "the result of intoxication." Thus jurors finding intoxication could not also find "wilful misconduct"; but they should have been allowed to do so under California law. "We are of the view that a trial court or jury, in a civil action brought by a guest, might properly find without inconsistency that the injuries to the guest resulted from both the intoxication and the wilful misconduct of the driver. And as the jury might have sustained either or both charges in the present case and as the defenses to said charges differ to some extent, we are of the opinion that the trial court committed prejudicial error in withdrawing the issue of wilful misconduct from the consideration of the jury." Pennix v. Winton, 61 Cal.App.2d 761, 143 P.2d 940, 942 (1943).

3. To the extent that Schneider v. Brecht, 6 Cal.App.2d 379, 44 P.2d 662 (1935) may be *contra,* we consider it superseded by the later decision of a co-ordinate court[3] in Pennix. See Kelley v. Kelley, 43 Del. 408, 48 A.2d 381 (1946). We also note approval of Pennix in Jones v. Harris, 104 Cal.App.2d 347, 231 P.2d 561 (1951);[4] and Pennix' own insistence that it is explanatory, not contradictory, of Schneider. 143 P.2d at 942.

4. The difference in available defenses between "intoxication" and "wilful misconduct" is crucial. Where

[3]Schneider was a ruling by California's Third District Court of Appeal; Pennix was by the First District. Apparently the California Supreme Court has not passed on the question.

[4]Jones was a ruling by California's Fourth District Court of Appeal.

only "intoxication" is shown, plaintiff could be barred from recovery if he assumed the risks of accompanying a driver so incapacitated.[5] Against "wilful misconduct," however, that same plaintiff could still prevail unless shown his conduct was equally culpable. "Intoxication," then, is but an *element* of "wilful misconduct." Fuller v. Chambers, 169 Cal.App.2d 602, 337 P.2d 848 (1949); Taylor v. Rosiak, 236 Cal.App.2d 68, 45 Cal.Rptr. 767 (1965).

5. The fault of Instruction 30 was that it glossed over these differences in defenses by ordering jurors that plaintiff's participation in intoxication, if so found, constituted "wilful misconduct." Thus plaintiff would be precluded from any recovery merely by participation in intoxication, regardless of whether defendant's actions went beyond intoxication[6] into "wilful misconduct."

Reversed and remanded.

THOMPSON, J., and WINES, D. J., concur.

BADT, J., being ill, the Governor designated Honorable Taylor H. Wines, of the Fourth Judicial District Court, to sit in his place.

---

[5] The California courts also speak in terms of "contributory negligence" as a defense to intoxication. Taylor v. Rosiak, 236 Cal.App.2d 68, 45 Cal.Rptr. 767 (1965).

[6] Just what constitutes such "other acts or omissions" beyond intoxication is perhaps the most difficult problem in this entire area, since almost all conduct concurrent with intoxication may reasonably be regarded as incident thereto. However, the matter need not be discoursed here; in the instant case it was a question for the jury.