JOHN N. DOWNING, Appellant, v. THEODORE B. MARLIA, Respondent.

No. 5056

August 4, 1966

417 P.2d 150

*Alex. A. Garroway*, of Reno, for Appellant.

*Vargas, Dillon, Bartlett & Dixon*, and *James P. Logan*, of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

Appellant, plaintiff below in an automobile injury action, appeals from a judgment for defendant on grounds that the trial court erroneously admitted evidence of plaintiff's intoxication at the time of the accident and erroneously gave certain instructions over objection while refusing to give others.

Plaintiff Downing and defendant Marlia met and drank at the bar of the Fernley Inn beginning about 2:00 a.m., on Saturday, December 21, 1963. They had previously been strangers to each other. The two remained in the vicinity of the bar and drank for about

six hours, although there is dispute whether they continued to drink in each other's presence throughout. Shortly before dawn, Downing asked Marlia for a ride in Marlia's Ferrari automobile. About 8:00 a.m., they left in the auto with Marlia driving. During the course of the ride, Marlia stopped once and added oil to the automobile. A few moments later Marlia, driving at a speed of at least 90 miles per hour, lost control on a curve in a well-marked construction zone one mile east of the Fernley overpass on a detour off U.S. 40. Downing was thrown from the automobile suffering serious injuries for which he now seeks recovery.

A jury found for defendant. Downing here appeals on grounds the trial court erred in the giving and refusing of certain instructions and the admitting into evidence of a finding that Downing had a blood alcohol content of .206 two hours after the accident.[1]

A recital of two of the five disputed instructions, and appellant's trial objections thereto, is as follows:

The court gave Instruction No. 19:

"If a guest voluntarily rides in an automobile driven by one who he knows, or in the exercise of due care should know, is so intoxicated as to incapacitate him from safely and prudently driving it and under such condition proximately causes the accident, he is himself guilty of contributory negligence which will preclude his recovery of damages for any injuries he might sustain."

Appellant's entire trial objection to Instruction No. 19 was:

"I object to Instruction No. 19, the particular portion thereof being as follows on line 2: 'or in the exercise of due care should know,' for the reason it would leave to the jury the determination of the assumption of risk. If the jury should determine that plaintiff in the exercise of due care should have known, it is my contention that the law of Nevada is that plaintiff must have actually known."

The court refused to give appellant's Instruction B, which was:

"Under the law applicable to this case, contributory

---

[1]At .150 a driver is said to be under the influence. NRS 484.055(1)(c).

negligence of a guest is not an element to be considered or dealt with as a defense to an action for injuries caused by the defendant's gross negligence or willful or wanton conduct except where the guest's contributory negligence itself consists of gross negligence or willful or wanton conduct."

Appellant's trial objection to the court's refusal was, in its entirety, as follows:

"The Court: Does the plaintiff have any instructions to offer in addition to those the Court has indicated will be given?

"Mr. Garroway: The plaintiff has offered A, B, C and D, instructions that have been refused by the Court. Each of those instructions, in my opinion, is proper and under the evidence in this case should be given."

1. We first determine how specifically a party must object in the trial court to instructions he considers about to be erroneously given or refused in order to preserve his objection for review on appeal. NRCP 51 provides, in part, that "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The rule expressly establishes the same standard for objections to given instructions as for objections to refused instructions. We thus turn to that standard.

On four previous occasions, this Court has asked strict compliance with Rule 51, considering it a vital aid to the trial judge in his preparation of proper instructions. In Lathrop v. Smith, 71 Nev. 274, 275–276, 288 P.2d 212 (1955), appellants "formally and generally" excepted to the giving of an instruction, but it was held their protest did not go to- the particular language argued upon appeal and thus the matter was precluded from review. Lathrop was cited with approval by Duran v. Mueller, 79 Nev. 453, 458, 386 P.2d 733 (1963), and Wagon Wheel v. Mavrogan, 78 Nev. 126, 129, 369 P.2d 688 (1962), both of which also refused review of given instructions, the trial objections to which did not comply with Rule 51. However, in both Duran and Wagon

Wheel no objection had been registered before the trial judge for granted instructions. That also was the factual situation of the most recent case, Hotel Riviera, Inc. v. Short, 80 Nev. 505, 513, 396 P.2d 855 (1966)[2]

In Duran v. Mueller, supra, objection was voiced to refusal of three instructions "on the ground that each of them correctly states the law and there is evidence pertaining to each of them in this case." This Court held that objection did not suffice under Rule 51, but overlooked the discrepancy on grounds the trial court had invited appellant to object in that manner.

Appellant's objection to the refusal of Instruction B was insufficient under Rule 51. Merely informing the court that refused instructions "in my opinion, [are] proper and under the evidence in this case should be given" does not assist the trial judge in determining the grounds for objection so that he may properly consider whether to revise his initial decision and cure what otherwise might be error.

2. However, appellant did properly object to the granting of Instruction No. 19, which though using the phrase, "contributory negligence," clearly dealt with the concept of assumed risk.

---

[2]Decisions interpreting the Federal Rule are no more conclusive. There are expressions in some decisions that an instruction not objected to becomes the law of the case. Pierce Consulting Engineering Co. v. City of Burlington, 221 F.2d 607 (2d Cir. 1955); Baker v. Chicago, B. & Q.R. Co., 220 F.2d 721 (8th Cir. 1955); Rittgers v. U.S., 154 F.2d 768 (8th Cir. 1946). Other courts also will look to see whether the given instruction was "plain error" and constituted manifest injustice, thereby warranting appellate review *regardless* of compliance with the specificity of objection requirements of Rule 51. Cf. Richmond, F. & P.R. Co. v. Brooks, 197 F.2d 404 (D.C. Cir. 1952) with Troupe v. C.D. & Georgian Bay Transit Co., 234 F.2d 253, 260 (2d Cir. 1956). See 2b Barron and Holtzoff, Federal Practice and Procedure, sec. 1106, pp. 472–473; 5 Moore's Federal Practice, para. 51.04, pp. 2503–2504.

We recognize that the concept of "plain error," and this Court's continuing desire to prevent manifest injustice, permit occasional exceptions to the otherwise strict requirements for compliance with the specificity of objections asked by Rule 51. However, we need not now decide what constitutes such exceptions. There was proper protest to at least one prejudicial instruction.

The issues of contributory negligence and assumption of risk have been confused in a number of jurisdictions. Contributory negligence does not relate to assumption of risk, yet juries have been instructed to disallow recovery to plaintiffs as being contributorily negligent when the instructions spell out assumption of risk. This is our primary problem.

By giving the jury Instruction No. 19 over proper objection the court prejudicially erred. Only actual knowledge can constitute assumed risk. Frame v. Grisewood, 81 Nev. 114, 399 P.2d 450 (1965). "The defense of assumed risk is based on the theory of consent. The main requisites are a voluntary exposure to danger and actual knowledge of the risk assumed."

Existence of actual knowledge may be inferred from the circumstances, but this is not the same as charging plaintiff with knowledge he "should have" had. There is reasonable dispute under the instant facts as to whether plaintiff had actual knowledge of defendant's intoxication. There is conflict as to the length of time the two men were together, whether they were cognizant of each other's drinking during this entire period, and whether they were continuously within each other's sight. A jury may have found plaintiff did not have actual knowledge of defendant's intoxication. Instruction No. 19, by also including knowledge of a reasonable man, i.e., an objective test, prejudicially limited plaintiff's chances for recovery.

3. Because a new trial may occur, we will consider appellant's refused Instruction B, despite the fact that no proper objection was made.

That instruction correctly stated the law as to defenses under the guest statute.[3] Plaintiff guest initially has the burden of showing that his injury was proximately caused by the defendant's intoxication,

'NRS 41.180.

gross negligence, or willful misconduct in order to overcome the statute's limitations. Once this is accomplished, however, recovery still is not automatic. Defendant may show that plaintiff knowingly assumed the risk of defendant's conduct, culpable as it may have been, or, in rare instances, that plaintiff was equally the proximate cause of his own injury. Ordinary "contributory negligence," however, would not be enough. Such was our interpretation of California decisions as to that state's guest statute. Ormand v. Brehm, 82 Nev. 143, 413 P.2d 493, 495 (1966). We accept the same interpretation as to our own guest statute. Frame v. Grisewood, supra.

4. We find no error in the introduction into evidence of plaintiff's blood alcohol content. It was relevant to the defense contention that plaintiff was jointly drinking with defendant, and therefore had actual knowledge of the latter's intoxication and so assumed the risk. It is immaterial here that plaintiff's blood was tested without his consent. This did not violate due process. Schmerber v. California, 86 S.Ct. 1826, 1829–30 (1966).
    Reversed.

THOMPSON and COLLINS, JJ., concur.