NEVADA STATE BANK, a Nevada Corporation, Appellant, v. JAMES L. SNOWDEN, JR., ELIZA SNOWDEN, GWENDOLYN L. BENNETT and REVEREND MARION BENNETT, Respondents.

No. 5555

January 10, 1969                    449 P.2d 254

*Galane & Wines* and *Stanley W. Pierce,* of Las Vegas, for Appellant.

*Charles L. Kellar,* of Las Vegas, for Respondents Gwendolyn L. Bennett and Reverend Marion Bennett.

# OPINION

By the Court, COLLINS, C. J.:

This appeal is from a judgment of the lower court, sitting without a jury, in favor of Reverend and Mrs. Bennett. Snowdens have not appealed. We affirm that judgment.

James L. Snowden desired to borrow money from the Nevada State Bank. To get the loan he prevailed upon the Bennetts to execute a written continuing guarantee for $1,500 on August 15, 1962. Snowden was granted a loan of $1,500, and paid it in full. This guarantee remained in the bank's possession and was not specifically cancelled by the Bennetts.

At about the same time Marion Bennett alone signed another written continuing guarantee on behalf of Snowden in the amount of $3,500. This guarantee was undated and did not state to whom the guarantee ran, although it too was in possession of the Nevada State Bank. Snowden borrowed another $2,564.66 from the bank, which was not repaid. The bank brought the present action against the Snowdens on the note and against the Bennetts on both of the continuing guarantees.

Judgment against the Snowdens was taken by default. Bennetts defended the action, and upon trial a judgment was rendered in favor of Bennetts and against the bank. This appeal followed.

At the trial, without objection from the bank's counsel, Marion Bennett was orally permitted to testify that, notwithstanding the written continuing guarantee, his agreement with the bank was that he would not be liable for more than $1,500 borrowed by Snowdens under their first note. He said the guarantee was for a one-time loan and that when it was paid his obligation was ended. The trial court found in accordance with that contention.

Appellant contends that notwithstanding his failure at the trial to object or motion to strike oral testimony varying a written instrument, the parole evidence rule is not a rule of evidence but a substantive rule of law which can be raised for the first time on appeal.

■■■■■■

There is little doubt that if a timely objection had been made at trial, the oral testimony offered to vary a written instrument would have been inadmissible. Chamberlain v. Stern, 11 Nev. 268 (1876); Gage v. Phillips, 21 Nev. 150, 26 P. 60 (1891); Burns v. Loftus, 32 Nev. 55, 104 P. 246 (1909); Tallman v. First National Bank, 66 Nev. 248, 208 P.2d 302 (1949). Likewise, this court has already held the parole evidence rule to be a rule of substantive law rather than a rule of evidence. Tallman v. First National Bank, supra; and see Crumley v. Walter M. Ballard Corp., 224 P.2d 455, 457 (Cal.App. 1950).

However, we are not convinced that absent a proper objection at trial, where the point is specifically called to the attention of the trial court for ruling, the error can be raised for the first time on appeal. Humphries v. Haydon, 179 S.W.2d 895 (Ky. 1944); Anderson v. Owens, 205 F.2d 940 (9th Cir., 1953).

■■■■■■

The analogies which are available in Nevada law seem to compel the rule that unless specifically objected to at trial, objections to a substantive error in the absence of constitutional considerations are waived and no issue remains for this court's consideration. Lathrop v. Smith, 71 Nev. 274, 288 P.2d 212 (1955); Duran v. Mueller, 79 Nev. 453, 386 P.2d 733 (1963); Wagon Wheel v. Mavrogan, 78 Nev. 126, 369 P.2d 688 (1962); Downing v. Marlia, 82 Nev. 294, 417 P.2d 150 (1966).

The trial court having accepted Bennetts' oral testimony against the bank's reliance on the written guarantee, we will not disturb that holding.

■■■■■■

We do not believe the substantially incomplete written continuing guarantee for $3,500 is contractually binding at all.

Accordingly, the judgment is affirmed.

ZENOFF and THOMPSON, JJ., and GEZELIN, D. J., and WILKES, D. J., concur.