489 P.2d 268

**Jesus RODRIGUEZ and Anita Rodriguez, husband and wife, Appellants,**

v.

**Donald Milo WILLIAMS et al., Appellees.**

**No. 10338.**

Supreme Court of Arizona, In Division.

Oct. 5, 1971.

Charles Christakis, and Estrada & Estrada by Charles Christakis, Phoenix, for appellants.

Renaud, Cook, Miller & Cordova by J. Gordon Cook, and James M. Videan, Phoenix, for appellees.

UDALL, Justice.

Jesus Rodriguez and his wife Anita brought suit in the Maricopa County Superior Court to recover damages for injuries sustained when a Navajo Freight Lines, Inc. tractor-trailer, driven by defendant Donald Milo Williams, struck the rear end of the Rodriguez vehicle. Trial on the merits resulted in a jury verdict for defendants; and from the judgment entered thereon, plaintiffs have appealed.

At the time of the accident, Jesus Rodriguez, driver of the Rodriguez vehicle, his wife and two guests were on their way

home to California. The accident occurred on U.S. Route 66, approximately five miles east of Holbrook, after the Rodriguez vehicle had slowed to a near stop on the highway itself while its driver was attempting to pull the vehicle off the highway and into a motel entranceway. Testimony elicited during trial indicated that it was dark at the time of the accident and the road was icy and slick. The accident was reported shortly thereafter, and was investigated by Officer Varner of the Arizona State Highway Patrol.

On appeal, plaintiffs have asserted the following arguments in their quest for reversal:

(1) "The Trial Court Erred in Failing to Direct a Verdict for Plaintiffs" and "in Refusing to Grant Plaintiffs a New Trial".

Although plaintiffs contend on appeal that the trial court erred in failing to direct a verdict in their favor, it appears, from the arguments and authorities advanced in support thereof, that plaintiffs were actually moving for judgment notwithstanding the verdict under Rule 50(b), Rules of Civil Procedure, 16 A.R.S., and for a new trial pursuant to Rule 59, Rules of Civil Procedure, 16 A.R.S.

Rule 50(b) provides that a party "who has moved for a directed verdict" may, not later than 10 days after entry of judgment, move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict. A motion for judgment notwithstanding the verdict may not be entertained unless a motion for directed verdict was made at the close of all the evidence, prior to submission of the case to the jury, LaBonne v. First National Bank of Arizona, 75 Ariz. 184, 254 P.2d 435 (1953); Loya v. Fong, 1 Ariz.App. 482, 404 P.2d 826 (1965), since it is merely a renewal of the motion for directed verdict and is designed to permit the trial judge, after more mature deliberation, to revise his ruling in denying the movant's

motion for directed verdict. In Re Schade's Estate, 87 Ariz. 341, 351 P.2d 173 (1960); Glowacki v. A. J. Bayless Markets, 76 Ariz. 295, 263 P.2d 799 (1953). Plaintiffs made no motion for a directed verdict at the close of all the evidence. They, therefore, cannot now be heard to complain. The trial court had no alternative but to deny plaintiffs' motion for judgment notwithstanding the verdict.

Relative to plaintiffs' motion for new trial, we need only reiterate that the grant or denial of such motion is addressed to the sound discretion of the trial court and, barring a manifest abuse of that discretion, the lower court's decision will be upheld on appeal. General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729 (1954); State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962). We find no abuse of discretion here.

(2) "It was Prejudicial Misconduct for Defense Counsel [Mr. Cook] to Stand in the Doorway of a Jury Room, During a Recess with the Only Impartial Witness [Officer Varner] and the Defendant, and then Talk and Laugh with 5 or More Jurors."

The incident complained of was quickly brought to the court's attention. A hearing was held in chambers and the following explanations were offered by Patrolman Varner and Mr. Cook as to what had actually transpired:

"THE COURT: Mr. Varner, are you acquainted with one of the jurors?

"MR. VARNER: Not personally. She had asked me to deliver a note to the unit at Snowflake.

"MR. CHRISTAKIS: Officer, what else did you discuss with this juror?

"MR. VARNER: That was all.

"MR. CHRISTAKIS: Was there anything else said about knowing somebody up there?

"MR. VARNER: No, sir, not that I know of.

"MR. CHRISTAKIS: Do you know the juror's name?

"MR. VARNER: No. sir.

\* \* \* \* \* \*

"MR. CHRISTAKIS: Did you see Mr. Cook make any remarks to the jurors and laugh?

"MR. VARNER: He didn't make any.

"MR. CHRISTAKIS: And laugh?

"MR. COOK: \* \* \* I came back from talking to my client and I saw a juror taking down something in pencil, and I walked up to the officer, and I said, 'You can't talk to a juror. It is not proper.'

He said, 'She was asking me to deliver a note.'

And I looked, and a couple of jurors said, 'We weren't talking to him.'

I smiled, and I said, 'Fine, but he is not supposed to do that,' and walked out.

And that is my avowal."

\* \* \* \* \* \*

"THE COURT: The question to the officer asking him if he would deliver a note is completely innocuous. It has nothing to do with the case.

The jury has been admonished not to discuss this case with anyone or permit anyone to discuss the case with them. There is nothing here to indicate that anything about the case has been discussed.

The instructions to the jury have been followed. I am not telling the jury that they may not speak. I have instructed the jury that they may not discuss the case with each other or anyone else; or permit anyone else to discuss the case with them.

If what we have on the record now constitutes the whole of the incident, there is nothing prejudicial to either side." [RT. 571–575]

It is important to note that the juror, involved in the above-mentioned incident, was the alternate juror who was thereafter excused. It is abundantly clear that plaintiffs were not prejudiced thereby.

■■ The grant or denial of a motion for a new trial based on the alleged misconduct of counsel is a matter addressed to the sound discretion of the trial court. Zugsmith v. Mullins, 86 Ariz. 236, 344 P.2d 739 (1959). In the instant case the trial judge properly found that neither side had been prejudiced by this unfortunate incident. We agree.

(3) "It is Prejudicial Misconduct for Defense Counsel to Accuse Plaintiffs' Counsel of Unethical Conduct and to Threaten Disbarment Proceedings in a Voice Loud Enough, During a Conversation at the Bench During the Trial, that the Jury Heard, or Easily Could Have Heard, the Remarks."

■ It is interesting to note that plaintiffs' counsel, while asserting the prejudicial nature of the alleged misconduct on appeal, never attempted to inform the court of this occurrence, nor was the slightest objection made thereto. Plaintiffs' counsel should have objected or moved for a mistrial at the time of the alleged misconduct of opposing counsel. Not having done so we will not now consider such for the first time on appeal. State v. Williams, 107 Ariz. 262, 485 P.2d 832, Filed June 1, 1971; State v. Hudgens, 102 Ariz. 1, 423 P.2d 90 (1967).

(4) "It was Prejudicial Error to Admit Into Evidence the Police Report."

■■ In State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969), this Court held that accident reports, made pursuant to statutory duty (A.R.S. §§ 28–233 and 28–667, subsec. C) are admissible for purposes of proving objective data observed and noted by the investigating officer in his report.

The accident report was clearly admissible. The record also reveals that plaintiffs' counsel agreed to the report's admission into evidence after several objectional portions were deleted therefrom. (RT. 474-9). Having agreed to its introduction, counsel cannot now be heard to assert error.

(5) "Fundamental Error in Instructing the Jury on Contributory Negligence."

Plaintiffs, for the first time on appeal, raised the issue of the propriety of the trial court's instruction on contributory negligence. While the instruction, "as transcribed" by the court reporter, was erroneous, subsequent findings of fact by the trial court pursuant to order of this Court have made it clear that the instruction was properly given but improperly recorded.

Having found no error, judgment of the trial court is hereby affirmed.

HAYS, V. C. J., and CAMERON, J., concur.