541 P.2d 1169

**CEDIC DEVELOPMENT CORPORATION, an Arizona Corporation, Appellant,**

v.

**John SIBOLE dba J & R Drywall, Appellee.**

**No. 1 CA–CIV 2670.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 6, 1975.

Rehearing Denied Dec. 18, 1975.

Review Denied Jan. 27, 1976.

———◆———

Richard L. Levin, Phoenix, for appellant.

Chard & Karasek by David J. Karasek, Phoenix, for appellee.

OPINION

EUBANK, Judge.

This appeal presents the question whether the parol evidence rule can be waived by a failure to object to the allegedly improper testimony.

Sibole, a drywall contractor, agreed by written contract to apply drywall at the Cedic Arms Apartments. Two years after the job was completed and after Sibole had been paid the amount owing under the written contract, he sued Cedic Development Corporation for an amount owing for "extras" allegedly not included in the contract. The trial court, sitting without a jury, found for Sibole.

■ Cedic Development Corporation's appeal claims that the trial court improperly admitted parol evidence. Apparently relying on the rule that the parol evidence rule is a rule of substantive law rather than a rule of evidence, *Carrillo v. Taylor*, 81 Ariz. 14, 299 P.2d 188 (1956), appellant implies that it was not necessary for an objection to have been made at the trial level in order for the issue to be raised on appeal.

In *Cooper v. Holder*, 24 Ariz. 415, 419–420, 210 P. 690, 691–692 (1922), another case involving an appellant who failed to invoke the parol evidence rule, our Supreme Court said:

. . . parties to litigation may, by their voluntary act, deprive themselves of the benefit of any rule of law, except when the interests of the public might suffer thereby. In *Brady v. Nally*, 151 N.Y. 258, 45 N.E. 547, this rule is distinctly announced; the question involved being the admission of parol evidence varying the terms of a written contract. The court there said:

"We think that the plaintiff waived his right to object to the consideration of that testimony by failing to make objection when it was received, and by neither moving to strike it out, nor directly challenging its effect in any way. If he desired the referee to disregard it, it was his duty to say so before the close of the trial. If he wished to have it out of the case, he should have made a motion to that effect. He could not expect the court, of its own motion, to refuse to consider testimony which he did not see fit to object to when it was received, and which he allowed to remain as evidence, without protest or question. By failing to take the position during the trial that it was not legal evidence, and, hence, that it should be disregarded, he impliedly consented that it should be considered and acted upon by the referee, who, indeed, had no right to refuse consideration to anything that the parties had spread before him as evidence to guide him in passing upon their rights.

"It is, however, insisted that in view of the conclusive nature of the presumption that the written agreement embraced the entire contract between the parties, the parol evidence, although received by consent, cannot overcome that presumption. The answer to this position is that the parties may, by agreement, express or implied, accept oral tes-

timony instead of the presumption ordinarily arising from written evidence. They have the right to make a rule of evidence for their own case, and they are presumed to have done so when testimony, otherwise incompetent, is received without objection, and without any effort to have it stricken from the minutes, or disregarded by the trial court. They may waive the rules established by the courts to govern the admission of evidence, the same as they may waive the rule established by the legislature, that certain contracts must be in writing; and a waiver may be inferred from the failure of the party, for whose benefit the rule was made, to object in due season, or in some way to insist upon compliance with the law."

*Accord, Pioneer Constructors v. Symes, 77 Ariz. 107, 267 P.2d 740 (1954).*

We do not believe that the decision in *Carrillo,* supra, affects the applicability of the rule announced in *Cooper,* even though the Court in *Cooper* obviously considered the parol evidence rule to be a rule of evidence rather than a rule of substantive law. Recent appellate opinions have recognized that the benefits of the parol evidence rule can be waived, despite the substantive character of the rule. *See* for example, *Pao Ch'en Lee v. Gregoriou,* 50 Cal.2d 502, 326 P.2d 135 (1958), *modified, Tahoe National Bank v. Phillips,* 4 Cal.3d 11, 92 Cal.Rptr. 704, 480 P.2d 320 (1971); *Nevada State Bank v. Snowden,* 85 Nev. 19, 449 P.2d 254 (1969).

After recognizing the substantive nature of the parol evidence rule, the Supreme Court of Nevada made this analysis in *Nevada State Bank,* supra, 85 Nev. at 21, 449 P.2d at 255–256:

. . . we are not convinced that absent a proper objection at trial, where the point is specifically called to the attention of the trial court for ruling, the error can be raised for the first time on appeal. [Citing cases.]

The analogies which are available in Nevada law seem to compel the rule that unless specifically objected to at trial, objections to a substantive error in the absence of constitutional considerations are waived and no issue remains for this court's consideration. [Citing cases.]

We accept this rule and note that analogies in Arizona law produce the same result. *See Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966) (instructions); *Rodriguez v. Williams,* 107 Ariz. 458, 489 P.2d 268 (1971) (misconduct); *Nichols v. Elkins,* 2 Ariz.App. 272, 408 P.2d 34 (1965) (reference).

In *Cooper,* the Court noted that the parol evidence was admitted without objection and that, after admission, no motion was made to strike it. During the trial of this case, the parol evidence rule was mentioned only twice. The first time was during appellant's motion for a directed verdict, when counsel said:

Although I have permitted an abundance of parole [sic] to come in, perhaps on a failure on my part to object to the parole [sic], the contract was written, it was prepared and written by the plaintiff, Mr. Sibole.

The second time was during a final argument to the court when appellant's counsel said:

He did bring in parole [sic] evidence to violate his own contract; it probably should have been done, I should have been screaming all over the place, but it should be clear to me that he made the contract, we performed our end and he didn't.

■ We find that counsel's references here are insufficient to preserve the question for appeal since, although counsel showed an awareness of the applicability of the parol evidence rule, no intention was demonstrated by these comments that the court consider a formal, specific objection to have been made. Therefore, the

**188**

court was entitled to consider parol evidence in reaching its decision, and when considered, it supplies a sufficient foundation for the trial court's decision.

The judgment appealed from is affirmed.

JACOBSON, P. J., Department B, and HAIRE, C. J., Division 1, concur.