578 P.2d 628

**Fred T. ASH and Hannah J. Ash, husband and wife, Appellants,**

v.

**Gussie FLIEGER, Appellee.**

**No. 2 CA–CIV 2381.**

Court of Appeals of Arizona, Division 2.

April 6, 1978.

---

548

Ash, Reeb & Addington by Cecil P. Ash, Mesa, for appellants.

Richey & Leiber by William K. Richey, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal seeks reversal of a judgment N.O.V. in favor of appellee. Appellants' slander action against appellee and her husband had been tried to a jury which returned a verdict against both in favor of appellants for $5,000 compensatory damages and $22,000 punitive damages. Appellants contend that the jury verdict against the community should have been allowed to stand because there was sufficient evidence that the slanderous statements of the husband were either intended to benefit the community or were ratified by appellee.[1] Appellants also contend that the trial court erred in granting the motion for judgment N.O.V. since no motion for a directed verdict had been made at the close of all the evidence. We agree with the latter contention, which is dispositive of this appeal, thus deem it unnecessary to consider the other questions raised.

Rule 50(b), Arizona Rules of Civil Procedure, 16 A.R.S., provides in pertinent part:

"*Whenever a motion for a directed verdict made at the close of all the evidence is denied* or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, *a party who has moved for a directed verdict* may file a motion to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; . . ." (Emphasis added)

The record reflects that the defendants here moved for a directed verdict at the close of the plaintiffs' case but did not renew the motion for a directed verdict after all the parties had rested. The courts of this state have consistently held that where no motion for a directed verdict is made prior to submission of the case to the jury, a motion for a judgment N.O.V. will not lie. *Rodriguez v. Williams,* 107 Ariz. 458, 489 P.2d 268 (1971); *Dodge City Motors, Inc. v. Rogers,* 16 Ariz.App. 24, 490 P.2d 853 (1971); *Stump v. Fitzgerald,* 14 Ariz.App. 527, 484 P.2d 1056 (1971). *Loya v. Fong,* 1 Ariz.App. 482, 404 P.2d 826 (1965).[2] Although the foregoing principle was enunciated in the context of precluding appellate review of the trial court's denial of judgment N.O.V., we believe the same principle applies where the post-judgment motion is granted. We hold, therefore, that a motion for a directed verdict at the close of all the evidence is a condition precedent to the exercise of the court's power to enter judgment N.O.V. *Nelson v. Texaco Incorporated,* 525 P.2d 1263 (Okl.App.1974); *Stark v. Henneman,* 250 Or. 34, 440 P.2d 364 (1968).

The judgment is reversed with directions to reinstate the judgment entered on the jury's verdict.

RICHMOND, C. J., and HOWARD, J., concur.

---

1. The record reflects, however, that the issue of community liability was submitted to the jury only on the "intention to benefit the community" theory.

2. Appellee argues that the missing predicate for judgment N.O.V., i. e., motion for directed verdict prior to submission to the jury, was waived by not raising it in the trial court.

However, in *Rodriguez v. Williams,* supra, the court states at 107 Ariz. at 460, 489 P.2d at 270, "The trial court had no alternative but to deny plaintiffs' motion for judgment notwithstanding the verdict." It would therefore appear to be a jurisdictional prerequisite which cannot be waived.