Alfred **GUERTS** and Elizabeth Guerts, Plaintiffs–Appellees,

v.

Donald **BARTH**, Jr. and Gospel Baptist Church, Defendants–Appellants.

No. 89–1070.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 25, 1989.
Decided Dec. 28, 1989.

Rudy C. Kutansky (argued), Stults, Custer, Kutansky & McClean, Gary, Ind., for plaintiffs-appellees.

Daniel W. Glavin, Joy L. Colwell (argued), Beckman, Kelly & Smith, Hammond, Ind., for defendants-appellants.

Before WOOD, Jr., and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This appeal, taken pursuant to 28 U.S.C.A. § 1291, arises from an automobile accident between citizens of diverse states. Jurisdiction of the trial court was based upon 28 U.S.C.A. § 1332. Applying Indiana law, a jury found the defendants Donald Barth, Jr. and Gospel Baptist Church (Barth) not liable for the personal injuries allegedly suffered by the plaintiffs, Alfred and Elizabeth Guerts (Guerts). On appeal, the Guertses contend the trial court committed reversible error by giving Barth's tendered instruction on the sudden emergency doctrine to the jury. Because the plaintiffs' objection to the instruction was insufficient under Fed.R.Civ.P. 51 and because the plaintiffs failed to object to the giving of the sudden brake failure instruction, the submission of the sudden emergency instruction to the jury cannot be assigned as reversible error on appeal. Accordingly, without deciding whether the sudden emergency doctrine instruction was properly given, we affirm.

I.

On October 25, 1985, the plaintiff, Alfred Guerts, while stopped behind a car attempting to make a left hand turn in the left lane of the northbound lanes of Columbia Avenue in Hammond, Indiana, was struck from behind by a school bus owned by the defendant Gospel Baptist Church and operated by the defendant Donald Barth, Jr. The cause of the accident was the failure of the defendants' brakes.

Barth discovered that his brakes were malfunctioning approximately two blocks south of the accident when he was required to make a sudden stop to avoid a vehicle which stopped abruptly in front of him. Though Barth did successfully stop his vehicle, he knew that he had lost approximately twenty to twenty-five percent of his braking power. However, instead of parking the bus and calling for assistance, Barth elected to proceed with his passengers to their nearby destination. As Barth advanced through traffic he observed the plaintiffs' vehicle stopped approximately two hundred feet ahead of him. Barth downshifted the bus to its lowest gear and applied the brakes within fifty feet of Guerts' vehicle. Though the bus continued to have some braking power, between fifteen and twenty feet from the point of impact Barth realized that he had lost even more braking power. When he was approximately one foot away from the Guerts vehicle Barth knew that his bus would strike Guerts' car. Barth applied the emergency brake, but nonetheless, while traveling no more than two miles per hour, his bus collided with Guerts' stationary vehicle.

On October 9, 1987, the plaintiff, Alfred Guerts, filed a complaint seeking compen-

sation for the personal injuries he allegedly sustained from the accident. He was joined by his wife Elizabeth Guerts who sought remuneration for the alleged loss of her husband's services and consortium. The case was tried before a jury which found for the defendants.

## II.

As his sole basis for appeal Guerts asserts that the factual prerequisites necessary for instructing the jury on Indiana's sudden emergency doctrine were lacking. Guerts' issue will not be addressed, for Guerts failed to distinctly state the grounds for his objection to the instruction at trial as required by Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. (1987 amend). Guerts' objection follows in its entirety:

THE COURT: Mr. Kutansky, on behalf of the plaintiffs, any objections to the Court's instructions 1 through 35 which I just read to the jury?

MR. KUTANSKY: Yes. I have an objection to the instruction on sudden emergency, on the—

THE COURT: Which is 21, Number 21.

MR. KUTANSKY: And my objection, Your Honor, is that I don't feel that the prerequisites for the giving of such an instruction are available in this case and the instruction should not have been given. And as such it is prejudicial to the plaintiffs.

Rule 51 provides that "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, *stating distinctly the matter objected to and the grounds of the objection.*" (emphasis added) "We apply this rule in light of its purpose which is to afford the trial judge an opportunity before it is too late, to correct any inadvertent error in charging the jury and thereby avoid costly appeal and remand proceedings." *Spanish Action Comm. of Chicago v. City of Chicago*, 766 F.2d 315, 318 (7th Cir.1985).

In *Chicago Col. of Ost. Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1349 (7th Cir.1983), this court held that an objection to a jury instruction was waived because the plaintiff only objected to the alleged argumentative style of the instruction and did not inform the court that they objected to the inclusion of four particular elements within the instruction. Similarly, in *Wolk v. Churchill*, 696 F.2d 621 (8th Cir.1982) the Eighth Circuit refused to entertain an appeal of an objection to the giving of an instruction related to fraud where the plaintiff at trial merely stated that "a submissible case [had not] been made on fraud." Likewise, in *Willits v. Yellow Cab Co.*, 214 F.2d 612 (7th Cir.1954) where the defendant objected to an instruction regarding the effect of a state statute on the ground that the statute was not applicable to the facts in the case, but in an ensuing discussion between counsel and the trial judge failed to explain why the statute was inapplicable, we held that the objection was waived on appeal because the defendant failed to inform the court of the "full grounds and precise nature of the defendant's objection." *Id.* at 615.

While we agree that Rule 51 does not require a litigant to adhere to "formalities of language and style" to preserve an objection for appeal, *Id.* at 616, the grounds of the objection must in some way appraise the trial judge of the grounds for the objection. In this case while Guerts' objection was distinct enough to inform the court of the matter to which he was objecting, his general objection does not state with any degree of specificity the grounds for his objection. Rule 51, particularly when viewed in light of its purpose, requires a litigant to do more than express his "feel[ing]" that the prerequisites for the giving of such an instruction are [not] available." To preserve for appeal the giving or failure to give a jury instruction, the grounds of the objection must be stated with enough specificity so that the trial judge is adequately appraised of the legal or factual basis for the objection. Since no specific evidentiary deficiencies were identified in this case to support the objection to the giving of the sudden emergency doctrine instruction, Guerts' sole basis for ap-

peal is accordingly waived and the judgment of the district court is accordingly affirmed.

## III.

Guerts' failure to present a preserved issue for appeal is not our sole basis for affirmance. Even if Guerts complied with Rule 51 and we found that the trial court erred in giving the sudden emergency instruction, we would find this error to be harmless and would accordingly affirm the judgment of the magistrate.

■ In addition to the sudden emergency instruction, the court gave an instruction on sudden brake failure which, by its terms, provides a complete defense if it is found "that the defendants did not know the brakes were defective, could not have discovered the defect by a reasonably careful inspection" and was "the sole proximate cause of the accident." Since Guerts did not object to this instruction, we must assume that there was some evidence or inference to support the instruction. *Taylor v. Todd*, 439 N.E.2d 190, 193 (Ind.App. 1982). However, in Indiana the same evidence which supports the giving of the sudden brake failure instruction necessarily supports giving the sudden emergency instruction, since "[a] motor vehicle operator is certainly faced with a sudden emergency, when, without warning, his brake system fails." *Lengyel v. Hecht*, 143 Ind. App. 660, 242 N.E.2d 135, 140 (1968).

■ While it is true that the sudden emergency doctrine subsumes the sudden brake failure doctrine, in this case Guerts' objection to the sudden emergency instruction rests upon his assertion that "there was no evidence that a sudden or unanticipated failure of defendants' brakes created a sudden emergency." (Plaintiffs' motion for a new trial). Therefore, in this case, the facts supporting the application of the sudden emergency doctrine necessarily would support a finding based on the application of the sudden brake failure doctrine. Thus, even if the sudden emergency instruction was erroneously given, its presentation was harmless because the jury would necessarily have found for the de-

fendants based on the sudden brake failure instruction, to which there was no objection whatever. The judgment of the district court is accordingly AFFIRMED.