# IN THE SUPREME COURT OF THE STATE OF NEVADA

YELE GLASTER, INDIVIDUALLY
Appellant,
vs.
DOLLAR TREE STORES, INC., A
FOREIGN CORPORATION,
Respondent.

No. 74365

**FILED**

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Appeal from final judgment, an order denying a motion for a new trial, and an order awarding attorney fees and costs in a tort action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Yele Glaster tripped and fell over a u-boat cart used to stock shelves in a Dollar Tree store. Glaster sued respondent Dollar Tree Stores, Inc., to recover for her injuries, but the jury returned a verdict for Dollar Tree. Jury instruction 24, among other things, instructed the jury to find for Dollar Tree if they determined that "the placement of the u-boat did not create an unreasonably dangerous condition."[1] Glaster primarily

---

[1] In full, jury instruction 24 states:

> You must determine whether the placement of the u-boat cart created an unreasonably dangerous condition. If you find the placement of the u-boat cart did not create an unreasonably dangerous condition, you must find for the Defendant.
>
> If you find the placement of the u-boat cart created an unreasonably dangerous condition, then you must determine if the unreasonably dangerous condition was open and obvious. A person needs to be aware of their surroundings and exercise

19-23682

argues on appeal that the district court abused its discretion by giving instruction 24 because a negligence claim based on premises liability does not require an "unreasonably dangerous condition." She also argues that instruction 24 improperly separated the open and obvious doctrine, the distraction exception, and comparative negligence into a three-part analysis; and that instruction 24 "was confusing and contradictory when considered with the other instructions to the jury." Because these were not the arguments Glaster made at trial, we affirm.

Glaster's objections to jury instruction 24 after trial are different from the objection she raised at trial. At trial, Glaster's full objection to instruction 24 was:

> We specifically discussed the case law that was cited for this and I don't believe it says what this instruction says after reviewing the cases. I also don't think that this instruction is appropriate for this case. Again, we go back to the notice

reasonable care to avoid an open and obvious condition.

If you find the u-boat to be an open and obvious condition, you must decide whether Defendant breached its duty of care to allow the condition to exist and permitting Plaintiff to encounter the condition.

The fact that a dangerous condition may be open and obvious bears on the assessment of whether reasonable care was exercised by the landowner. An owner is entitled to assume that a person will perceive that which would be open and obvious to her upon the ordinary use of her own senses. It is up to you to decide if the u-boat cart was unreasonably dangerous, and if so, whether it was an open and obvious hazard and whether Plaintiff was comparatively negligent.

> requirement and that that notice requirement is waived as this condition was created by an employee of [Dollar Tree.]

It was not until after trial, in her motion for a new trial, that Glaster argued that instruction 24 was erroneous because requiring the existence of an "unreasonably dangerous condition" raised her burden of proof. The district court denied the motion for new trial based on Glaster's post-trial objections to instruction 24, because the objections "should have been made on the record during trial" but were not.

While counsel need not "give a discourse on the applicable law" when objecting to a jury instruction at trial, *Cook v. Sunrise Hosp. & Med. Cent., LLC*, 124 Nev. 997, 1001-02, 194 P.3d 1214, 1216-17 (2008), we cannot read into Glaster's general objection at trial the arguments she has made following the trial. Under NRCP 51(c)(1), "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." NRCP 51(c)(1) (2005). An objection to a jury instruction is not adequate unless it "give[s] the trial court the opportunity to correct the potential error by focusing the court's attention on the alleged error." *Cook*, 124 Nev. at 1001, 194 P.3d at 1216-17.

At trial, Glaster's only distinct objection to instruction 24 was that it was inappropriate because a Dollar Tree employee created the condition and notice of the condition was not at issue. The rest of Glaster's objection—"I don't believe [the case law cited for instruction 24] says what this instruction says after reviewing the cases"—did not distinctly state which part or parts of instruction 24 Glaster objected to, nor the grounds for her objection. *See Downing v. Marlia*, 82 Nev. 294, 298, 417 P.2d 150, 153 (1966) (holding that it "does not assist the trial judge in determining

the grounds for objection" when the attorney says something general like "in my opinion, [the instructions are] proper and under the evidence in this case should be given"); *accord, e.g., Guerts v. Barth*, 892 F.2d 622, 624 (7th Cir 1989) (noting that a general objection that the attorney does not "feel" like the prerequisites for giving an instruction were met is not a statement of the grounds for the objection). Instruction 24, as Glaster herself points out on appeal, contained many different legal propositions. To give the district court an adequate opportunity to review—and correct—any alleged errors in the instruction, Glaster needed to do more than broadly assert that the instruction was not supported by case law. *See Guerts*, 892 F.2d at 624 ("[T]he grounds of the objection must be stated with enough specificity so that the trial judge is adequately appraised of the legal or factual basis for the objection."); *Knox v. Indiana*, 93 F.3d 1327, 1333 (7th Cir. 1996) (holding that an objection was not preserved when the "trial objection was not specific enough to alert the district court to the more refined argument" made on appeal).

To justify the cost and delay associated with an appellate court reversing and remanding for a new trial based on instructional error, NRCP 51(c)(1) requires record support that the complaining party adequately presented the issue to the district court and that the district court erred in not heeding the objection. *See* 33 Christine M. G. Davis et al., *Fed. Proc., L. Ed.* § 77:311 (2014) ("Generally, only those grounds asserted at trial may be considered on appeal in determining the propriety of instructions claimed to be erroneous."); *see also Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) ("We cannot consider matters not properly appearing in the record on appeal."). Here, as the district court itself recognized when it denied the motion for new trial,

Glaster did not give the district court an adequate opportunity to fix the errors of which she now complains.

Accordingly, Glaster forfeited her right to object to instruction 24 on the grounds asserted in this appeal by not objecting on those grounds at trial. *See* NRCP 51(c)(1); *Lathrop v. Smith*, 71 Nev. 274, 276, 288 P.2d 212, 213 (1955) (refusing to consider error in a jury instruction not sufficiently objected to under NRCP 51). And Glaster's arguments on appeal do not otherwise establish that, despite her failure to object, the district court plainly erred by giving instruction 24.[2] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[2]Glaster also argues that the district court's exclusion of causation opinions from three of her treating physicians erroneously prevented her from introducing over $100,000 in additional medical expenses at trial. Glaster argued that if we reverse, we should also address this issue to prevent it from recurring at a new trial. Because we affirm, we need not address Glaster's argument.

SUPREME COURT
OF
NEVAOA

(O) 1947A

cc: Hon. Michael Villani, District Judge
Israel Kunin, Settlement Judge
Breeden & Associates
Olson, Cannon, Gormley, Angulo & Stoberski
Eighth District Court Clerk