# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1875.

---

[No. 682.]

## H. G. MAYNARD, APPELLANT, v. RICHARD MERCER, ET AL., RESPONDENTS.

GENERAL POWER OF ATTORNEY—HOW CONSTRUED.—When the act to be done is not specifically expressed, the extent of the power given must be determined by the language employed in the written power of attorney, aided by the situation of the parties and of the property at the time of its execution, in connection with other circumstances as might tend to throw any light upon the question.

IDEM.—Under the particular facts of this case: *Held*, that the general power of attorney authorized the attorney in fact to enter into a party-wall agreement.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*Mesick & Wood*, for Appellant.

I. The district court erred in admitting the power of attorney from Maynard to Flagg.

II. The district court erred in admitting the evidence of Tucker as to the permission given to defendants by Flagg to erect and maintain the party-wall.

III. The power of attorney given H. H. Flagg by appellant did not authorize the attorney to enter into a party-wall agreement. (*Mott* v. *Smith*, 16 Cal. 556; *Borel* v. *Robbins*, 30 Cal. 413.)

*Williams & Bixler*, for Respondents.

By the Court, Hawley, C. J.:

Appellant, in October, 1866, executed a power of attorney constituting and appointing H. H. Flagg his attorney in fact, "to lease, let, demise, bargain, sell, remise, release, convey, mortgage and hypothecate lands, tenements and hereditaments, upon such terms and conditions and under such covenants as he shall think fit; also, to bargain and agree for, buy, sell, mortgage, hypothecate and in any and every way and manner deal in and with goods,   *   *   * choses in action and other property,   *   *   * and to make, do and transact all and every kind of business of what nature or kind soever."

At the time of the execution of this power of attorney, appellant was the owner of lot No. 3 in the town of Gold Hill, and of a brick building erected thereon. Respondents are the owners of the adjoining lot (No. 4) with brick building thereon. In 1870, respondents having been informed that the south wall of appellant's building was a party-wall, and contemplating raising their own building, applied to Flagg as the agent of appellant to ascertain whether, or not, such information was correct, and also desired to know if they would be allowed to use the wall in raising their building. Appellant at this time was in Boston, Mass. Flagg wrote to him and received an answer,

saying: "About the half of the wall, the old butcher that built the building next, paid me one-half the cost of the wall, so they have a right to use it." This extract was shown to respondents.

When respondents commenced to raise their building they decided to extend it further back to the east. Before commencing the extension they asked Flagg for the privilege of building the extended wall on the same line as the old south wall, and proposed to build it at their own expense, and promised that appellant might use it as a party-wall without expense. Flagg gave permission, and was frequently present while the wall was being built and consented to all the work done thereon by respondents.

This action was brought to eject respondents from the premises, on appellant's lot, covered by said wall.

Appellant claims that his power of attorney did not authorize Flagg to enter into a party-wall agreement.

When the act to be done is not specifically expressed the extent of the power given must be determined by the language employed in the written power of attorney, aided by the situation of the parties and of the property at the time of its execution, in connection with such other circumstances as might tend to throw any light upon the question. The language used in the power of attorney is of the most comprehensive character; indeed, it would be difficult to select stronger words to justify the agreement in question without specifying it *eo nomine*. The power of attorney is general, and under its provisions Flagg had full power and authority to dispose of lands, tenements, etc., upon such terms and conditions as he thought fit and proper, and was authorized to "transact all and every kind of business."

There was no restriction to any specific kind of business or species of property, nor any limit of power.

We think that the general authority thus given carried with it the right to make the agreement, and this position is much strengthened when we take into consideration the situation and conduct of the parties and the position of the property.

The act done by the agent being within the scope of his authority was binding upon his principal.

The judgment of the district court is affirmed.