## CARTER v. CITY OF FALLON

No. 2906

June 4, 1932.                    11 P. (2d) 817.

*John S. Sinai,* for Appellant:

*Eli Cann* and *A. L. Haight,* for Respondent:

# OPINION

By the Court, SANDERS, J.:

This case grew out of a collision between plaintiff's automobile and the defendant's truck within the intersection of Virginia and Esmeralda Streets in the city of Fallon. A jury was called and sworn to try the issue of defendant's negligence and that of the plaintiff's contributory negligence. At the conclusion of the testimony introduced by plaintiff the defendant moved for nonsuit upon the ground that plaintiff had failed to prove a sufficient case for the jury. The court reserved its ruling on the motion and directed trial to proceed. When both sides had rested, the defendant renewed its motion for nonsuit and also moved for directed verdict. The motions were denied upon the ground that the case was one for the jury. Thereupon the issues were submitted to the jury with twenty-two instructions for its guidance. The verdict of the jury was in favor of the plaintiff in

the sum of $5,000. The defendant gave notice of its intention to move for a new trial, stating in the notice that upon its hearing it would rely upon a memorandum of errors, to be subsequently filed. The errors assigned were that the court erred in its refusal to grant the defendant's motion for nonsuit at the close of plaintiff's case, and erred in its refusal to grant the defendant's motion for directed verdict upon the conclusion of the evidence.

The plaintiff appeals from the order granting to the defendant a new trial.

The court minutes show that the written decision of the court was made a part of its order granting the motion, from which it appears that the motion was granted solely upon the ground that plaintiff was guilty of contributory negligence as matter of law.

The evidence warrants the following statement of facts. On May 2, 1927, at the hour of about 10 o'clock a. m., the plaintiff was driving his automobile east on Virginia Street on the right side thereof. The defendant's employee, Robert Guire, was driving the defendant's truck north on Esmeralda Street, on the right side thereof. Said streets are sixty feet in width at the point of intersection. The plaintiff testified that when he reached the intersection he was driving his automobile at the rate of ten or twelve miles an hour; that as he approached the intersection he looked to the right and saw defendant's truck seventy-five or eighty feet away, approaching the intersection at the rate of about twenty-five or thirty miles an hour; that he observed that the driver of the truck had his vision on electric wires strung on poles erected along Esmeralda Street; that he continued to cross the intersection at the same rate of speed, and when he was practically leaving the same, the defendant's truck collided with his automobile with such force as to greatly damage the automobile and cause the plaintiff permanent personal injury.

Defendant's employee, Guire, testified that he was an employee of the defendant city as its city electrician, and that he came into Esmeralda Street from Ferguson

Street looking for wire trouble which had been reported to him, and while driving north on Esmeralda Street at the rate of about twelve miles per hour, examining the wiring strung from poles along said street, he did not see plaintiff's automobile until within a few feet of it and did what he could in the emergency to avoid the collision.

Upon the trial a traffic ordinance of the city of Fallon was read in evidence, as follows: "The operators of vehicles approaching any intersection of the streets within the City of Fallon, shall yield the right of way to vehicles approaching such intersection from the right of such first named vehicles."

The trial court, in its written decision, quotes from testimony of the plaintiff given on his cross-examination, as follows:

"Q. Did you make any effort to avoid the collision? A. I did not have a chance; it came right up against me.

"Q. You say you saw him when you entered this intersection. Is that true? A. Yes sir.

"Q. He was up in there (indicating on blackboard)? A. Yes sir.

"Q. You said about seventy-five or eighty feet? A. I judge about seventy-five to eighty feet.

"Q. Did you notice the place where he was looking? A. Yes sir.

"Q. And you saw him looking where? A. At the wires.

"Q. And not at the road? A. Yes sir.

"Q. Did you notice his vision was fixed up there all of the time on the wires and it was not on the road? A. No, it was not on the road.

"Q. Why did you not stop there prior to the time that you came to the point of intersection of these two cars? A. Well, it was bad enough as it was. If I had stopped he would have struck me right in the center.

"Q. Why did you not stop before you got to that point? A. Why did I not stop?

"Q. Yes, why did you not stop? A. I had as much right on the road as anyone else, did I not?

"Q. That was the reason you did not stop? A. What was I going to stop for, I had nothing to stop for."

From this testimony, taken in connection with other evidence, the trial court considered that the plaintiff was guilty of contributory negligence as matter of law, which was the proximate cause of his injury and damage. Counsel for defendant, following the argument advanced in the trial court's ruling and decision, insist that the plaintiff, in direct violation of the defendant's ordinance, failed to yield the right of way to the defendant's approaching truck.

■■ In general the rules governing the respective functions of court and jury in civil actions apply in actions growing out of the negligent operation of motor vehicles at street intersections. Huddy's Ency. of Auto. Law (9th ed.) vol. 17–18, p. 139. This court, in personal injury cases, has had occasion to hold that where the question of contributory negligence arises upon a state of facts in regard to which reasonable men might honestly differ, it is a question for the jury. Smith v. I. O. O. F. B. A., 46 Nev. 48, 205 P. 796, 23 A. L. R. 38; Crosman v. S. P. Co., 44 Nev. 286, 194 P. 839; Burch v. S. P. Co., 32 Nev. 75, 104 P. 225, Ann Cas. 1912B, 1166; Bunting v. C. P. R. Co., 14 Nev. 351. The question is usually one of fact and becomes a question of law only when the evidence is of such a character that it will support no other legitimate inference. Couchman v. Snelling, 111 Cal. App. 192, 295 P. 845.

■■ It is argued on behalf of the defendant city that plaintiff, having, in direct violation of defendant's ordinance, failed to yield the right of way to the defendant's truck approaching the intersection from the right, no inference can be drawn from the evidence other than that plaintiff was contributorily negligent. We are not in accord with this argument for several reasons. In the first place, a traffic regulation giving right of way to an automobile approaching from the right is relative, and must be applied according to the circumstances of the case. Bland v. Hershey, 60 App. D. C. 226, 50 F. (2d) 991. In the second place, the mere fact that one vehicle

has the right of way over another at a street intersection does not relieve the driver of the vehicle thus favored from the duty of exercising due care to avoid collision at the intersection. Burdette v. Henson, 96 W. Va. 31, 122 S. E. 356, 37 A. L. R. 489, annotation VI, p. 509. Applying this principle to this case, the jury may have believed that the defendant's employee, Guire, did not exercise due care to avoid the collision. In the third place, whether the plaintiff, seeing defendant's truck approaching the intersection from the right seventy-five feet away, was contributorily negligent in proceeding to cross the intersection, was a question for the jury. Couchman v. Snelling, supra. The issue of negligence and contributory negligence having been properly presented to the jury in the first instance and no good or sufficient reason appearing why the trial court, upon the defendant's motion for new trial, should find plaintiff guilty of contributory negligence as a matter of law, we conclude that the order granting to the defendant a new trial should be reversed.

It is so ordered.

### ON PETITION FOR REHEARING

August 29, 1932.                                     16 P.(2d) 655.

*Per Curiam:*

Rehearing denied.

### ON COSTS

December 12, 1932.

*John S. Sinai,* for Appellant.

*A. L. Haight* and *Eli Cann,* for Respondent.

## O P I N I O N

By the Court, SANDERS, J.:

This appeal is taken from the decision or ruling of the clerk of this court upon the several objections interposed by the respondent to the appellant's cost bill on this appeal.

It appears that all of respondent's objections were sustained, except as to two items, as follows: "To cost of typing appellant's bill of exceptions, 663 folios at 15¢ per folio, for one copy — $99.45; to reporter's fees — $47.60."

Upon review of the record, it appears that the clerk finds that the bill of exceptions on file herein does not contain more than 600 folios, and the amount as to this first item should be reduced from $99.45 to $90. The clerk further finds that the item of $47.60 for reporter's fees should be stricken from appellant's memorandum of costs.

The question presented for decision is whether under the facts and circumstances as shown by respondent's objections the cost of the bill of exceptions is not to exceed the sum of $71, as against the sum of $90, as allowed by the clerk.

It appears that the respondent's attorney of record filed, in connection with the objections interposed to the appellant's cost bill, an affidavit, which stands uncontradicted, to show how the bill of exceptions was prepared, settled, and allowed in the court below. It appears from the affidavit that the transcript of the testimony and proceedings in the court below and included in the bill of exceptions on file in this cause was directed by the trial court to be prepared, with a stipulation that each of the parties should bear one-half the cost of the transcription thereof to be made by the court's official reporter; that the reporter, pursuant to said direction and stipulation, transcribed and bound three full copies of the testimony, being the same and only copies which were used, filed, and served in connection with this appeal; that the reporter's charge in connection therewith was the sum

of $95.20; that each party paid half of said sum, namely, $47.60, which sum represents the entire outlay of the appellant in connection with such portion of the bill of exceptions; and that the appellant did not type or cause to be typed nor incur any expense in connection therewith except to the extent that such transcript of testimony embraced 148 pages or 444 folios of the 663 folios included in the appellant's memorandum of costs, as reduced by the clerk to 600 folios at the sum of $90; that the remaining portion of the bill of exceptions was not in excess of 128 folios, as shown by a numerical count, and that the maximum amount which the appellant could in any event be entitled to recover for the cost of typing his bill of exceptions would be and is the sum of $19.20, as against the sum of $99.45, or the sum of $90 as allowed by the clerk.

It is argued on behalf of the respondent that, whether the item of $47.60 be taxed as a part of the costs on appeal or as a part of the costs in the district court, the effect of the clerk's rulling makes it obligatory upon the respondent to pay to the appellant the sum of $90, plus the sum of $47.60, whereas the total liability of the respondent in this connection should be the total of two items, $23.40 and $47.60, or $71 in all. We are of the opinion that the argument is not only plausible but reasonable, and are satisfied that the item to be charged for the cost of typing appellant's bill of exceptions should be the sum of $71, as against $90 allowed by the clerk.

As thus reduced or modified, the appellant's memorandum of costs as allowed by the clerk stands affirmed.