## CITY OF SAN DIEGO v. PERRY et al.
### No. 9861.

Circuit Court of Appeals. Ninth Circuit.

Dec. 30, 1941.

Jacob Weinberger, City Atty., and J. H. McKinney and Morey S. Levenson, Deputy

City Attys., all of San Diego, Cal., for appellant.

Zach Lamar Cobb, of Los Angeles, Cal., and J. K. Stickney, Jr., Stickney & Stickney, and Gray, Cary, Ames & Driscoll, all of San Diego, Cal., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Appellee, a resident of Connecticut, instituted legal action in the U. S. District Court for the Southern District of California against the City of San Diego, California and Colonial Corporation of La Jolla, a California corporation, for damages in the sum of $53,381.64, in compensation for personal injuries allegedly received by her in a fall upon property of the municipality, to-wit: a sidewalk.

■ The case was tried by the Judge without the aid of a jury and resulted in a judgment against the City for $4,858.63 plus interest and costs and judgment in favor of the Colonial Corporation for its costs. The City appealed to this court from the judgment against it, and has named Colonial Corporation as co-appellee. Appellant states (City's Opening Brief) "the liability, if any, should be borne by the appellee corporation and not by the City of San Diego". We hold that no question as to the Corporation's liability to either plaintiff or the City is before us on this appeal.

We briefly summarize the facts as developed at the trial in order more readily to understand the arguments of the parties to this appeal.

Plaintiff, accompanied by a friend, in April, 1939, was visiting in the La Jolla section of the City of San Diego. Together they walked up Prospect Street in said city to the Colonial Hotel, which is located at the corner of Prospect and Jenner Streets. This walk along Prospect Street, adjacent to the Colonial Hotel, was practically level, the grade being only 1%. After a short visit plaintiff and her friend left the hotel, went along the practically level Prospect Street sidewalk, over which they had traveled a few minutes before, a distance of approximately fifty feet to its intersection of Jenner Street. At the corner, they turned to their right, in a westerly direction on the Jenner Street sidewalk, so that they then faced toward the ocean. Approximately fifteen or twenty feet from where plaintiff turned from Prospect Street onto Jenner Street there is a change or "break in the grade" down the Jenner Street slope. This grade change occurs diagonally across the sidewalk and abruptly increases the drop from approximately 1% to approximately 14%, or about 3½ inches per two feet. This sidewalk surface below the grade increase had been trowelled with filler in its construction and was "extremely smooth and exceedingly slick and slippery", as found by the court from supporting evidence and personal inspection of the court. Plaintiff, not noting the break in grade stepped over it, lost her balance and fell, sustaining the injuries for which damages were awarded.

It is stipulated that the sidewalk upon which plaintiff fell was constructed by the predecessor owner of the hotel operated by Colonial Corporation, at least twelve years prior to the accident. It had been in use as a public sidewalk throughout that period.

There is no dispute regarding the amount of damages to the plaintiff, and the City's appeal may be divided into two headings. First, it is urged that the City had no notice, actual or constructive, of the condition of the sidewalk, for such length of time as would reasonably enable it to fix or repair the same; and second, that the plaintiff was contributorily negligent.

The trial court found as a fact that the City had no actual notice of the condition of the sidewalk, but that it did have constructive notice thereof, and this finding is challenged by the City on the authority of Nicholson v. City of Los Angeles, 5 Cal.2d 361, 54 P.2d 725 and Whiting v. City of National City, 9 Cal.2d 163, 69 P.2d 990. In its attempt to bring the instant case within the doctrine of these cases the City urges that the condition of the sidewalk at the point of the accident constituted not more than a defect of minor character.

■ At the outset, it should be noted that the California Public Liability Act of 1923, Stats.1923, p. 675, Deering's Gen.Laws 1931, Act 5619, renders the city liable for "injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property in all cases where the * * * board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition * * * and failed or neglected, for a reasonable

time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition". It should further be noted that the California Courts have consistently held that the existence of a conspicuous defect or dangerous condition of a street or sidewalk for a considerable length of time creates a presumption of constructive notice of the defect. See Nicholson v. City of Los Angeles, supra, and cases cited therein.

In the Nicholson case, supra, [5 Cal.2d 361, 54 P.2d 726], the defect was described by the Court as follows: "The sidewalk on Second avenue had cracked at one of the joints between the panels. One block had tilted up so that there was a difference in grade at the break of not more, and possibly less, than an inch and a half." The condition had existed for "several months". The Court reasoned as follows (page 364 of 5 Cal.2d, page 726 of 54 P.2d):

" * * * There must be shown, in order to charge the city with constructive notice * * * some element of conspicuousness or notoriety so as to put the city authorities upon inquiry as to the existence of the defect or condition and its dangerous character. It is equally clear, we think, that, where the city is charged with constructive notice on the basis of a duty to inspect, it must be made to appear that a reasonable inspection would have disclosed the defect or dangerous condition; that is, that had there been no neglect of duty, there would have been actual knowledge on the part of the city officers.

"Under the rule contended for by respondent, the mere existence of a defect, no matter how slight or obscure, for a substantial period of time, would be sufficient to charge the city with notice and render it liable for injuries received on account thereof. It is well settled that a municipality is not an insurer of its public ways and is not bound to keep them so as to preclude the possibility of injury or accident."

The holding of the court upon this phase of the case was that the evidence was insufficient to sustain a finding that had the city fulfilled its duty of reasonable inspection and supervision of the streets of the city as a whole it would have had actual knowledge of the break.

In the Whiting case, supra, the court found that "the sidewalk was constructed of contiguous cement squares with expansion joints between them; that the square upon which the plaintiff tripped was raised at its easterly edge above the square next adjoining it on the east; that at the highest point of such rise it was about three-quarters of an inch above the surface of the adjoining square; and that the rise extended for several feet to the north gradually lessening in height until the surface was approximately level." The condition had existed for about six years prior to the time when the plaintiff tripped on it. The California court in these circumstances held that the evidence was insufficient to support a judgment against the City, saying:

"It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were otherwise, the city could be held liable upon a showing of a trivial defect."

It thus appears that under the California law the City is presumed to have notice of the existence of defects which are conspicuous, and that the rule is otherwise if the defects are minor. The court found from the testimony and from its inspection of the premises that the defects in the construction of the sidewalk heretofore mentioned were not of a minor character and there is ample evidence to support the finding.

The other phase of the City's appeal relates to the question of whether or not the plaintiff was herself negligent so as to bar her recovery. The trial court visited the scene of the accident and for the benefit of the court the plaintiff re-enacted her immediate approach to the point of accident and her fall. The court found that the plaintiff was not guilty of negligence, and that her fall was caused solely by the dangerous condition of the sidewalk.

It is urged by the City that this finding must be reversed because of the plaintiff's testimony to the effect that at

632

the time of the accident she was looking "straight ahead". It is argued that had she been looking at the sidewalk she would have seen the break in grade and would have avoided the fall and that therefore she was negligent as a matter of law. But a finding of contributory negligence does not necessarily follow from an injury sustained at the point of an obvious danger. "Mere abstraction or lack of attention to the condition of the sidewalk by a. pedestrian passing over it cannot be assigned as contributory negligence". Perkins v. Sunset Telephone Co., 155 Cal. 712, 722, 103 P. 190, 195. See also Barry v. Terkildsen, 72 Cal. 254, at page 255, 13 P. 657, 658, 1 Am.St.Rep. 55 wherein it is said:

"* * * As plaintiff went out of the house her attention was attracted for a moment by some children playing on the street, and, not noticing the hole, after taking a couple of steps, she fell headlong into it. * * * In our opinion, there is nothing in the point that respondent was guilty of contributory negligence. A sidewalk of a street in a city not near a crossing may be taken by one passing over it to be a safe and not a dangerous place. * * * and the fact that her [respondent's] attention was momentarily attracted in another direction—a thing of the most common occurrence to travelers along a street—falls far short of that contributory negligence which in law defeats an action for damages."

In circumstances of the nature here presented the question of contributory negligence was one for the jury, or in this case for the judge.

The judgment is affirmed.