WAGON WHEEL SALOON AND GAMBLING HALL, INC., A NEVADA CORPORATION, APPELLANT, *v.* GEORGE MAVROGAN, RESPONDENT.

No. 4463

March 16, 1962

369 P.2d 688

*Vargas, Dillon & Bartlett* and *Alex. A. Garroway,* of Reno, for Appellant.

*William J. Crowell,* of Carson City, and *Stanley P. Makay,* of San Francisco, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Mavrogan, an invited guest, fell while descending a stairway to an entrance of the Wagon Wheel Saloon and Gambling Hall, Inc., herein referred to as Wagon Wheel. Thereafter he commenced suit against the Wagon Wheel to recover damages for personal injuries sustained, claiming negligence. By answer, the Wagon Wheel denied any negligence, and affirmatively averred Mavrogan's contributory negligence as a separate defense. A jury returned a verdict for Mavrogan, assessing damages in the sum of $6,803.35. Judgment was entered thereon. The Wagon Wheel appeals.

The following assignments of error are made: First, that the record does not contain evidence proving, or tending to prove, the proximate cause of Mavrogan's fall; second, that Mavrogan was guilty of contributory negligence as a matter of law; third, that the record does not contain evidence proving, or tending to prove, that the Wagon Wheel had notice or knowledge, actual or constructive, of the existence of debris on the stairway; and, fourth, that prejudicial error occurred when the trial court permitted Mavrogan to testify to a statement by the security guard of the Wagon Wheel, which statement could be construed by the jury as an implied admission of fault. We turn to discuss these claims of error.

1. *Proof of Proximate Cause:* Mavrogan was asked: "Q. Now did you notice what was on the step on which you slipped? You said you slipped on the third step; is that right? A. Yes, sir. Q. What was it there that you slipped on? A. Well, there was some kind of nails, some kind of pieces of wood, something. I feel I step on it."

It is true that other testimony given by him regarding the cause of his fall was confused and obscure. However, the quoted testimony is not. The jury was free to accept it. In Rickard v. City of Reno, 71 Nev. 266, 288 P.2d 209, upon which the Wagon Wheel primarily relies, there was no evidence as to the cause of claimant's fall; she did not know what had happened. Rickard v. City of Reno, supra, does not support appellant's contention. We find no merit in this claim of error.

2. *Regarding Contributory Negligence:* The Wagon Wheel urges that the record discloses Mavrogan's contributory negligence as a matter of law. Usually, the issue is one of fact; it becomes a question of law only when the evidence is of such a character as to support no other legitimate inference. Carter v. City of Fallon, 54 Nev. 195, 201, 11 P.2d 817, 819, 16 P.2d 655; Gordon v. Cal-Neva Lodge, Inc., 71 Nev. 336, 291 P.2d 1054. The evidence before us is not of such character. While descending the stairway, Mavrogan did not particularly notice the nails and wood on the step where he slipped and fell a moment later. He had no prior knowledge of their existence at that place. He was looking at others who were also walking down the stairway, and at the bus which he and others intended to board for their return trip to San Francisco. His attention was momentarily attracted in another direction. Under such circumstances it was for the jury to determine whether he exercised ordinary care for his own safety. Cf. City of San Diego v. Perry, 9 Cir., 124 F.2d 629; Merchants' Ice & Cold Storage Co. v. Bargholt, 129 Ky. 60, 110 S.W. 364. Accordingly, this claim of error is without validity.

3. *Regarding Actual or Constructive Notice to the Wagon Wheel of the Existence of Debris on the Stairway:* The trial court gave the following instruction: "When an unsafe condition exists which has been created by the owner of the property himself, or by an employee of that owner within the scope of his employment, an invitee need not prove the owner's notice or knowledge

of the dangerous condition. Such knowledge is imputed to the owner."

The record contains some evidence from which the jury could reasonably infer that a carpenter employee of the Wagon Wheel created the "unsafe condition," i.e., the nails and pieces of wood on the stairway. The instruction correctly states the law. Hatfield v. Levy Bros., 18 Cal.2d 798, 117 P.2d 841; Sanders v. MacFarlane's Candies, 119 Cal.App.2d 497, 259 P.2d 1010. Indeed, the Wagon Wheel does not urge that it is an incorrect statement. Objection was not made to the giving of the instruction as required by NRCP 51; hence, complaint as to its content may not now be considered. Lathrop v. Smith, 71 Nev. 274, 288 P.2d 212.

4. *The Statement by the Security Guard:* Counsel for the Wagon Wheel objected to testimony from Mavrogan regarding a statement made by a security guard of the Wagon Wheel. He testified that the guard said, "Don't worry. We take care of you. Don't worry, we take care of you. Don't worry. You going to doctors in San Francisco. * * * We take care of your case. * * * We stay behind you." The objection was on the ground that the officer's identity was not shown; that his authority was not established; that it was not shown that his duties embraced the authority to make statements for his employer. We need not consider such objection, nor whether the proper ground for objection was asserted.

It is clear from the record that the objection was not timely made. The same evidence had been previously received without objection. Accordingly, there is no substance to this claim of error. Barra v. Dumais, 76 Nev. 409, 414, 356 P.2d 124, 126.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.