## REID L. SEIGWORTH, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 7941

August 26, 1975                    539 P.2d 464

*Victor Alan Perry,* of Carson City, for Appellant.

*Robert List,* Attorney General; and *Ronald T. Banta,* District Attorney, Lyon County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Reid L. Seigworth was released from custody on a felony charge filed in Lyon County after posting two bail bonds of $10,000 and $1,000. The surety, Resolute Insurance Company, is a Rhode Island corporation with principal offices in Hartford, Connecticut. Its general agent is J. McIntosh of Reno. The bonds were procured for Seigworth by Gordon Drendel, Sr., an agent of Mac's Bail Bonds. Drendel signed both bail bonds as attorney-in-fact for Resolute, as authorized by a special power of attorney filed with the bail bonds.

Seigworth did not appear in First Judicial District Court in Yerington at the time set for trial and has not since been seen.

The district judge ordered notice of the defendant's failure to appear pursuant to NRS 178.508, and that the bondsman had 90 days to produce the defendant before bond was forfeited. That notice was sent to Mac's Bail Bonds, Gordon Drendel, Sr., Agent, at that firm's Reno address. A copy of the notice was sent to the Lyon County District Attorney. No notice was sent to Resolute or to Resolute's Nevada general agent, McIntosh.

Subsequently, the district attorney made demand upon Mac's Bail Bonds and Gordon Drendel, Sr., for the $11,000 face amount of the bonds; thereafter, a motion for forfeiture was filed against Resolute notice of which was sent by the district attorney to Seigworth's attorney and to Drendel's attorney. No other notice appears in the record.

On August 21, 1974, a written decision including the order was entered in district court expressly allowing a remission of $2,500.00 and forfeiture of $8,500.00 "by the Resolute Insurance Company and 'Mac's Bail Bonds' to the County of Lyon."

This appeal follows. Although the appeal is in the name of Seigworth, the true party in interest is Gordon Drendel, Sr., dba Mac's Bail Bonds, Reno.

The first issue to be resolved is whether a bail agent, commonly known as a bail bondsman, acting pursuant to the authority of a limited power of attorney, is a general agent or a special agent of the insurer.

538

While ordinarily a general agent may bind his principal in most circumstances, the authority of a special agent is limited to the area for which authority is granted. A special agent is an agent authorized to conduct a single transaction or a series of transactions not involving continuity of service. Restatement, Second, Agency, § 3(2). A special insurance agent is only an agent of the insurer until the time of closing of the application, and after the contract is made all of his functions as agent, except to receive premiums, cease. Healey v. Imperial Fire Ins. Co., 5 Nev. 268 (1869).

The extent of a power of attorney must be determined by the language employed in the document aided by the situation of the parties and surrounding circumstances. Maynard v. Mercer, 10 Nev. 33 (1875). Cf. Restatement, supra, § 27, Comment (b). More recently, Ellis v. Nelson, 68 Nev. 410, 233 P.2d 1072 (1951), states that if inferences against existence of the agent's authority to act are as reasonable as those in favor of such authority, there can be no reliance on the rule relating to the agent's apparent authority to act for the principal.

In this case Gordon Drendel, Sr., was only authorized to perform specific, separate acts by the power of attorney from Resolute.[1] Those powers, made a part of the bail bonds, expressly state in display type, "THIS POWER VOID IF ALTERED OR ERASED," thus limiting Drendel's authority to just those acts expressly authorized. Furthermore, the front of the bail bonds, as folded, states that J. McIntosh is Resolute's general agent and that Mac's Bail Bonds is a bail agent.

---

[1]That RESOLUTE INSURANCE COMPANY, a Rhode Island Corporation, having its principal office in the City of Hartford, State of Connecticut, does hereby make, constitute and appoint Gordon Drendel, Sr. in the City of Reno, County of Washoe, State of Nevada, its true and lawful attorney-in-fact for it and in its name, place and stead, to execute, and deliver for and on its behalf, and as its act and deed, as surety, a criminal bail bond, supersedeas bond, peace bond, fine or cost bond or any kind of criminal appearance bond on behalf of Reid L. Seigworth, to be posted and filed in Smith Valley Justice Court provided that the liability of the company as surety on any such bail bond executed under this authority shall not in any event exceed the sum shown above hereof. The said attorney-in-fact is hereby authorized to insert in the spaces provided, in this power-of-attorney, the name of the defendant on whose behalf such bond is given, and the name of the court to which the bond is issued, otherwise
THIS POWER VOID IF ALTERED OR ERASED.

The facts of this case compel us to conclude that Gordon Drendel, Sr., dba Mac's Bail Bonds was a special agent possessing only the authority to bind his principal, Resolute, to a contract with Seigworth which names Lyon County as beneficiary.

Having determined the status of Drendel acting for Mac's Bail Bonds, we now turn to the question, is a bail agent, as attorney-in-fact for the purpose of binding the insurer, himself a surety for the appearance bond?

Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract. Restatement, Second, Agency § 320. See also, Restatement, § 4(1); Restatement, § 4 Comment (a); and, Restatement, § 328.

Resolute Insurance Company is a disclosed principal; Drendel, dba Mac's Bail Bonds is an agent. Drendel cannot be liable for the bond forfeiture.

Accordingly, the district court's judgment against Drendel, dba Mac's Bail Bonds, cannot stand.

Resolute Insurance Company does not appear to be a party to this proceeding; accordingly, we do not reach the issue of whether notice to a special agent constitutes notice to the surety as required by NRS 178.508.

Reversed and vacated.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.