THOMAS E. NEVIS, SAUNDRA L. NEVIS, SAMUEL A. NEVIS AND MELINDA L. NEVIS, Appellants, v. FIDELITY NEW YORK, F.A., Formerly Doing Business as FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.

No. 18600

October 26, 1988 763 P.2d 345

---

*Henderson & Nelson, Robert C. Vohl,* and *James M. Walsh,* Reno, for Appellants.

*Vargas & Bartlett* and *John P. Fowler,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellants Thomas and Samuel Nevis are brothers who each owns 50 percent of the stock in Doe Valley, Inc. Doe Valley, Inc. entered a joint venture, Country River, Ltd., to develop real property in Elko, Nevada. Country River, Ltd. obtained loans, and Thomas Nevis signed as guarantor of the loans for himself and as attorney-in-fact for Samuel, Saundra, and Melinda Nevis. Appellants Saundra and Melinda Nevis are the wives of Thomas and Samuel, respectively. Respondent Fidelity New York unknowingly disbursed loan proceeds for work that was incomplete and for improvements that were not properly constructed. When the project was "funded out," it was incomplete, and the loans went into default.

Fidelity brought suit below against the Nevises as guarantors of the loans, and recovered the difference between the fair market value of the property and the debt owed. The Nevises received nothing on their counterclaim for negligent disbursement of the loan proceeds. The Nevises appeal, claiming that (1) Thomas Nevis had no authority to act as attorney-in-fact for Samuel, Saundra, and Melinda Nevis, (2) this court should retroactively apply *First Interstate Bank v. Shields*, 102 Nev. 616, 730 P.2d 429 (1986), and (3) Fidelity breached its duty to inspect the project and to distribute the loan proceeds with care.

## GUARANTY

Samuel, Melinda, and Saundra Nevis all signed identical power of attorney forms, listing numerous acts for which they conveyed authority to Thomas Nevis. Notably, the list did not include the power to guarantee. As a general rule, courts strictly construe a power of attorney and hold that the instrument grants only those powers which are specified. 3 Am.Jr.2d, *Agency* § 31 (1986). However, the district court concluded that the powers of attorney were legally sufficient to confer authority to bind Samuel, Melinda, and Saundra Nevis as guarantors.

Courts recognize the serious obligation imposed upon a guarantor, and generally require evidence of specific authorization before finding that an agent has authority to bind his principal in a guaranty agreement. Chicago Title Ins. Co. v. Progressive Housing, 453 F.Supp. 1103, 1106 (D.Colo. 1978); 2A C.J.S., *Agency* § 181 (1973). Furthermore, because general powers of attorney have questionable validity insofar as they convey authority to execute a guaranty, courts impose a duty on the contracting party to investigate and verify the authority. General Overseas Films, Ltd. v. Robin Intern., Inc., 542 F.Supp. 684, 692 (S.D.N.Y. 1982); *Chicago Title Ins. Co.*, 453 F.Supp. at 1107-1108.

"The extent of a power of attorney must be determined by the language employed in the document aided by the situation of the parties and surrounding circumstances." Seigworth v. State, 91 Nev. 536, 538, 539 P.2d 464, 465 (1975). In the present case, the powers of attorney were not originally executed in connection with the Country River Project. Thus, any authority conferred upon Thomas Nevis to act on behalf of the other appellants must derive solely from the language contained in the powers of attorney. But the powers of attorney do not grant Thomas Nevis the authority to bind Samuel, Melinda, and Saundra Nevis as guarantors.

Moreover, Fidelity does not claim that it took any action to verify the power to execute a guaranty. Rather, it contends that

the Nevises took no steps to notify Fidelity of any limitation on the general power of attorney. Contrary to existing case law, this argument attempts to switch the burden of the parties. Therefore, we reverse the trial court to the extent it held Samuel, Melinda, and Saundra Nevis liable on the guaranty, and hold that Thomas Nevis lacked the authority to execute the guaranty on behalf of the other appellants.

## APPELLANTS' OTHER CLAIMS

When Fidelity filed its complaint, controlling case law in Nevada provided that guarantors did not receive the protection afforded obligors pursuant to NRS 40.451 *et seq.* Thomas v. Valley Bank of Nevada, 97 Nev. 320, 322, 629 P.2d 1205, 1207 (1981); Manufacturers & Traders Trust v. Dist. Ct., 94 Nev. 551, 555, 583 P.2d 444, 447 (1978). In other words, while obligors of a note could be held liable only for the difference between the indebtedness and the fair market value of the subject property, the guarantors of a note could be held liable for the full amount of the indebtedness. *Id.* We overruled this precedent and extended identical protection to guarantors and obligors. First Interstate Bank v. Shields, 102 Nev. 616, 730 P.2d 429 (1986).

Appellants contend that this court should apply *Shields* retroactively. Appellants received the full substantive protection of NRS 40.455, since Fidelity recovered only the amount of deficiency. However, appellants argue that Fidelity failed to file a deficiency judgment within three months of the foreclosure sale as then required under the statute. But courts give prospective effect to the overruling of a judicial precedent involving construction of a procedural statute. *See generally* 20 Am.Jur.2d *Courts* § 233 (1965); 21 C.J.S. *Court* § 194 (1940). Therefore, we decline to give *Shields* retroactive effect to the extent of requiring compliance with the three month filing provision.

Appellants also contend that the district court erred in determining that Fidelity did not breach a duty owed to them as guarantors to inspect the Elko property and only disburse funds in proportion to the work completed. However, no evidence in the record shows that Fidelity or its predecessor breached any duty owed the Nevises. Moreover, no evidence exists that Fidelity's loan disbursements and inspections injured the Nevises. Rather, the district court found that Country River, Ltd., by and through one of its general partners, Country River, Inc., failed to use due care in the disbursement of the loan proceeds and in the construction of some of the improvements.

Consequently, we need not consider the district court's alternative conclusion that NRS 41.590 bars recovery for damages caused by loan disbursements. Instead, we affirm the district court's holding that Fidelity was not negligent in its loan disbursement control and inspection procedures used in connection with the Country River Project.

For the reasons previously discussed, the judgment is reversed insofar as it held Samuel, Melinda, and Saundra Nevis liable on the guaranty, and affirmed in all other respects.[1]

---

[1]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.