LOUIS B. VOGT AND SHIRLEY JENKINS, APPELLANTS, v. DONALD DENNETT, DANIEL DENNETT, R. J. McCORMICK, AKA AND CALLED "MAC" McCORMICK, FRED KNOBEL, AND ZANE GREEN, RESPONDENTS.

No. 19218

June 1, 1989

774 P.2d 1036

*Denton & Denton,* Las Vegas, for Appellants.

*Callister & Reynolds,* Las Vegas, for Respondents Dennett and Dennett.

*William L. McGimsey,* Las Vegas, for Respondent McCormick.

*Schreck, Jones, Bernhard, Woloson & Godfrey,* Las Vegas, for Respondent Knobel.

*Sper & Creel,* Las Vegas, for Respondent Green.

## OPINION

*Per Curiam:*

Affordable Living Homes, Inc. executed two promissory notes

in favor of appellants Louis B. Vogt and Shirley Jenkins (Vogt and Jenkins) secured by real property and guaranteed by the five respondents (Guarantors) and by Coulter Homes, Inc. Affordable Living defaulted on the notes, and Vogt and Jenkins brought an action against the Guarantors for the amount due. Subsequently, Vogt and Jenkins foreclosed on the security on July 30, 1984, and they brought an action against the Guarantors for the difference between the sale price of the property and the amount due on the loan. However, this deficiency action was commenced in March 1988, almost four years after the foreclosure sale.

After the foreclosure sale, but before Vogt and Jenkins commenced the deficiency action, this court overruled previous case law and held that the deficiency statutes enacted to protect debtors from creditors who had sold property held as security and then sued the debtors for the deficiency should also protect guarantors. First Interstate Bank v. Shields, 102 Nev. 616, 730 P.2d 429 (1986). The deficiency statutes provide a three-month limitation for applying for a deficiency judgment after the foreclosure sale and a limitation of the amount the creditor could obtain from the debtor. *See* NRS 40.455-.459.

Applying our *Shields* decision retroactively, the trial court found that Vogt and Jenkins failed to apply for the deficiency judgment within the three-month limitation. The sole basis for the court's grant of summary judgment was that Vogt and Jenkins had not applied for a deficiency judgment within the statutory time allowed under NRS 40.455. Vogt and Jenkins now contend that *Shields* should not have been applied retroactively, and we agree.

In a decision published since the district court entered its summary judgment in this case, we decided that the procedural aspect of *Shields* would not have retroactive effect. Nevis v. Fidelity New York, 104 Nev. 576, 763 P.2d 345 (1988). In *Nevis,* the creditor foreclosed on the property held as security. More than three months after the foreclosure sale, the creditor brought an action against the guarantor for the difference between the fair market value of the property sold by the trustee and the amount due on the loan. The court gave the creditor judgment for that amount. The guarantor appealed, claiming that any recovery should have been barred by application of the deficiency statutes pursuant to *Shields,* but we held that the decision in *Shields* did not apply retroactively "to the extent of requiring compliance with the three month filing provision." *Id.*

Although our holding in *Nevis* did not give retroactive effect only to the three-month limitation for filing deficiency actions, that narrow holding is dispositive of this case. As explained above, the sole basis given by the trial court for its grant of the summary judgment to the Guarantors was the fact that Vogt and

Jenkins failed to initiate a deficiency action within three months as mandated by a retroactive application of *Shields*. However, we reaffirm our holding in *Nevis*. We will not give retroactive effect to our decision in *Shields* "to the extent of requiring compliance with the three month filing provision." We therefore reverse the summary judgment and remand this case for further action on Vogt and Jenkins' deficiency application.