*1165 OPINION
By the Court,
Parraguirre, J.:
The United States Court of Appeals for the Ninth Circuit has certified, under NRAP 5, the following question to this court: “[c]an individual managers be held liable as employers for unpaid wages under Chapter 608 of the Nevada Revised Statutes?” We answer the question in the negative and conclude that individual managers cannot be held personally liable for unpaid wages under NRS Chapter 608.

FACTS AND PROCEDURAL HISTORY

Appellants Thelma Boucher, Ardith Ballard, and Joseph W. Kennedy, III, are former employees of The Castaways Hotel, Casino and Bowling Center. In June 2003, Castaways filed for Chapter 11 bankruptcy protection. Six months later, Castaways discharged appellants; it ceased its operations soon thereafter. Appellants now seek to recover unpaid wages for themselves and for a class of former Castaways employees under NRS Chapter 608.[1]
Respondents Dan Shaw, Michael Villamor, and James Van Woerkom are former high-level managers at Castaways. Shaw was Castaways’ Chairman and CEO at the time that appellants were discharged, Villamor was responsible for handling Castaways’ labor and employment matters, and Van Woerkom was Castaways’ CFO. Both Shaw and Villamor were also members of Castways’ parent *1166 company, VSS Enterprises LLC.[2] As members of VSS Enterprises, Shaw and Villamor maintained a 100-percent ownership interest in Castaways, with Shaw owning a 70-percent interest and Villamor owning the remaining 30 percent.
After Castaways ceased operations, appellants filed suit in state court, alleging that respondents, as employers, were personally liable for their unpaid wages under NRS Chapter 608. Respondents removed the case to federal district court and filed a motion to dismiss. The court granted the motion, concluding that respondents were not employers under NRS Chapter 608. Appellants then appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit certified to this court the question of whether individual managers, such as respondents, could be personally liable as employers under NRS Chapter 608. We accepted the Ninth Circuit’s certified question pursuant to NRAP 5.

DISCUSSION

NRS Chapter 608 governs employment compensation, wages, and hours, making “employers” responsible for paying employee wages.[3] The Ninth Circuit has asked this court to determine whether, under NRS Chapter 608, “employer” includes individual managers, such that individual managers could be held personally liable for unpaid wages.[4] We conclude that individual managers are not employers for the purposes of NRS Chapter 608 and thus cannot be held personally liable for employees’ unpaid wages. We therefore answer the certified question in the negative.

“Employers” under NRS Chapter 608

Appellants contend that individual managers may be held personally liable for unpaid wages under Nevada’s wage and hour laws. Specifically, they argue that the NRS Chapter 608 definition of “employer” extends beyond common law employers to include individual managers. For the following reasons, however, we disagree.
Under NRS 608.011, an “ ‘[e]mployer’ includes every person having control or custody of any employment, place of employment *1167 or any employee.” In describing an employer as “every person” with “control or custody” over employees or their place of employment, appellants contend that this statute’s broad language demonstrates the Legislature’s intent to render individual managers jointly and severally liable for unpaid wages, along with common law employers. At common law, an employment relationship was defined by agency principles, under which, unless otherwise agreed, an agent (e.g., a manager) for a disclosed principal (e.g., the employing company) does not become party to the employment contract for the principal’s debts.[5] According to appellants, however, in order to give meaning to all of the words in NRS 608.011, we should recognize that multiple entities or persons, including individual managers, may have custody or control over an employee, his or her employment, or the workplace and, in so doing, extend the reach of liability for unpaid wages to persons or entities beyond the common law contract employer.
By contrast, respondents argue that holding managers personally liable for unpaid wages would amount to a radical, and unintended, departure from the common law rule that an agent cannot be held jointly and severally liable for the debts of a principal when the identity of the principal is disclosed.[6] Respondents argue that, absent a clear statement of intent to alter this common law rule, individual managers cannot be held liable as employers for employees’ unpaid wages.
NRS 608.011 offers no guidance as to who qualifies as a “person” or what constitutes “control or custody” in the employment context, and both parties offer reasonable interpretations regarding the scope of this provision. Because we conclude that NRS 608.Oil’s definition of employer is ambiguous with respect to whether it includes individual managers, below we turn to principles of statutory construction to determine its meaning.[7]

Statutory construction

When a statute’s language is ambiguous, this court will exact the meaning of the words used in the statute by ‘ ‘ ‘examining the context and the spirit of the law or the causes which induced the [Legislature to enact it.’ ”[8] In so doing, “ ‘[t]he entire subject mat *1168 ter and policy may be involved as an interpretive aid,’ ” and we will consider the statute’s multiple legislative provisions as a whole.[9]

Legislative intent

The current NRS 608.011 definition of an employer is the product of several legislative amendments enacted in 1985. While NRS 608.011 currently describes “employer” in terms of “persons” with control or custody, before 1985, an employer was defined as “every person, firm, corporation, partnership, stock association, agent, manager, representative or other person having control or custody of any employment, place of employment or any employee.”[10] In 1985, therefore, the Legislature transitioned from an enumerated definition of an employer to a simplified definition based solely on whether a “person” possesses the qualities of “control or custody.” Using language similar to that excised from the former statute, in 1985, the Legislature also enacted NRS 0.039, which generally defines a “person” as a “natural person” or nongovernmental entity, including a “corporation, partnership, association, trust, or unincorporated organization.” Notably, the term “manager” was not carried through to either of the new definitions.
Generally, when the Legislature substantially amends a statute, we presume intent to change the law.[11] Here, however, while the language of the statutory definition of employer was significantly altered, given the possible scope of the remaining term “person,” it is unclear whether the definition was substantially changed. An ambiguity therefore exists regarding whether individual managers were intended to qualify as employers under the 1985 legislation.
Leonard v. McMorris
Although no legislative history exists as to the Legislature’s intent in this regard,[12] the Colorado Supreme Court in Leonard v. McMorris addressed an issue similar to the one presented here.[13] In Leonard, the Colorado Supreme Court addressed whether corpo *1169 rate officers and agents were individually liable under Colorado’s wage and hour laws.[14] Based on its interpretation of Colorado’s statutory definition of employer, and with a view to long-standing principles of corporate law, a majority of the Leonard court concluded that the Colorado Legislature could not have intended to hold corporate officers and agents personally liable for the debts of a corporation.[15]
Colorado’s wage and hour statutes define “employer” as “every person, firm, partnership, association, [or] corporation . . . and any agent or officer thereof . . . employing any person [within the state].”[16] In Leonard, the court compared this definition to the statutory definitions of “employer” in Illinois and Kansas, both of which specifically provided for officer and agent liability. According to the Illinois statute, “[a]ny officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of th[e] Act shall be deemed to be the employers of the employees of the corporation”[17] and “may be personally liable under [the Illinois wage and hour law] for a claimant’s wages.”[18] Like the Illinois statute, Kansas’ statute provided that “any officer [of a corporation] or any agent having the management of the corporation who knowingly permits the corporation to . . . violat[e] [Kansas labor protection laws] shall be deemed the employer’’[19] Distinguishing the Illinois and Kansas statutes, which specifically provide for officer and agent liability, from Colorado’s statute, which does not,[20] the Colorado Supreme Court majority concluded that the Illinois and Kansas provisions “demonstrate how a legislature may choose to pierce the corporate veil and make some officers and agents personally liable in particular circumstances for payment of unpaid wages.”[21]
In the Colorado Supreme Court’s view, had the Colorado Legislature intended to provide for the individual liability of corporate officers or agents, it would have done so explicitly. Agreeing with this view, we conclude that had the Nevada Legislature intended to *1170 qualify individual managers as employers and thus expose them to personal liability, it would have done so explicitly.[22] But, similar to Colorado’s statute, and unlike the Illinois and Kansas provisions, NRS 608.011 does not specifically provide for individual liability. Accordingly, in Nevada, individual corporate managers are not personally liable, as employers, for unpaid wages.
This interpretation of NRS 608.011 closely accords with longstanding principles of corporate law. Generally, a corporate officer is not considered the employer responsible for creating the contractual employment relationship and is not personally liable for a breach of that relationship.[23] Under Nevada corporate law, individual liability does not extend to officers, directors, or stockholders of a corporation “[e]xcept as otherwise provided by specific statute.”[24] Therefore, without evidence that the Legislature specifically intended to disregard these well-established principles of our corporate law, extending personal liability to corporate officers or agents would be, in the words of the Colorado court, “merely an insertion of policy considerations not expressed by the legislature.”[25]
In sum, NRS 608.011 does not contain specific language that extends personal liability to individual managers. In addition, neither before, during, nor after the 1985 revisions has the Legislature clearly provided that those revisions were intended to pierce the corporate veil and extend personal liability to individual managers.[26] Because the Legislature has not unequivocally indicated its intent to equate managers with “employers” under NRS 608.011, we conclude that individual management-level corporate employees, such as respondents, cannot be held liable as employers for the unpaid wages of employees under Nevada’s wage and hour laws.[27]

*1171
Criminal penalties for unpaid wages are not persuasive evidence of legislative intent

In arguing that the Legislature intended to hold individual managers personally liable for employees’ unpaid wages, appellants direct this court to NRS Chapter 608’s administrative and criminal penalties statutes.[28] As set forth below, we conclude that those provisions do not indicate any intent on the part of the Legislature to hold individual managers civilly liable for unpaid wages.
In Butler v. Hartford Technical Institute, the Connecticut Supreme Court concluded that corporate officers could be held individually liable for unpaid wages under Connecticut’s statutory definition of employer.[29] In Butler, a labor commissioner filed suit to recover unpaid overtime wages against the president of an employee’s former employer.[30] Although Connecticut’s statutory definition of an employer did not specifically provide for individual liability, the court reasoned that since corporate officers and agents were criminally liable for the failure to pay wages, Connecticut’s legislature must have intended to hold officers and agents individually liable for civil penalties as well.[31]
Since the Butler court did not reconcile this reasoning with the corporate veil doctrine that insulates corporate officers and agents from personal liability, we find Butler unpersuasive. In our view, absent a clear statement of legislative intent, we cannot conclude that the Legislature intended to disregard the corporate veil as to individual managers, which would be a significant departure from well-settled principles of corporate law. We therefore reject the proposition that an individual manager’s potential criminal and administrative liability necessarily means that the individual manager can be held personally liable for the unpaid wages under Nevada’s wage and hour laws.

*1172
CONCLUSION

The definition of “employer” under NRS 608.011 is ambiguous. Interpreting this provision, we conclude that NRS 608.011 was not designed to extend personal liability to individual managers of corporations in derogation of existing Nevada corporate law. Accordingly, since individual managers cannot be held liable as employers for unpaid wages under NRS Chapter 608, we answer the Ninth Circuit’s question in the negative.
Gibbons, C. J., Maupin, Hardesty, Douglas and Saitta, JJ., concur.

Appellants also asserted Fair Labor Standards Act claims under 29 U.S.C. § 206(a) (2000); however, those federal claims are not at issue here.

Respondents acknowledged that VSS Enterprises LLC was doing business as Castaways.

See, e.g., NRS 608.016; NRS 608.018; NRS 608.040(1); NRS 608.050.

As an initial matter, respondents contend that the Ninth Circuit’s certified question is ambiguous because the term “individual manager” could relate to management-level employees or to statutory “managers” of a limited liability company, since both Shaw and Villamor serve as statutory managers of VSS Enterprises LLC. Since, however, NRS 86.371 makes clear that statutory managers of an LLC cannot be held individually liable for the debts of the LLC, the question before this court relates to management-level employees only.

 See Metropolitan Water Dist. v. Superior Court, 84 P.3d 966, 971 (Cal. 2004); Seigworth v. State, 91 Nev. 536, 539, 539 P.2d 464, 466 (1975).

 See Seigworth, 91 Nev. at 539, 539 P.2d at 466 (“Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract.”).

 See Leven v. Frey, 123 Nev. 399, 404, 168 P.3d 712, 716 (2007) (explaining that a statute is ambiguous when it is capable of more than one reasonable interpretation).

 Id. at 405, 168 P.3d at 716 (quoting McKay v. Bd. of Supervisors, 102 Nev. 644, 650-51, 730 P.2d 438, 443 (1986) (citation omitted)).

 Id. (quoting McKay, 102 Nev. at 651, 730 P.2d at 443) (citation omitted)).

 1985 Nev. Stat., ch. 152, § 10, at 578 (emphasis added).

 Public Employees’ Benefits Prog. v. LVMPD, 124 Nev. 138, 156-57, 179 P.3d 542, 554 (2008).

See Hearing on A.B. 127 Before the Assembly Labor & Management Comm., 63d Leg. (Nev., Feb. 18, 1985); Hearing on A.B. 200 Before the Senate Judiciary Comm., 63d Leg. (Nev., Mar. 26, 1985).

 63 P.3d 323 (2003).

 Id. at 325.

 See id. at 333.

 Colo. Rev. Stat. § 8-4-101(5) (2008).

 820 Ill. Comp. Stat. Ann. 115/13 (2008) (emphases added).

 Ill. Admin. Code tit. 56, § 300.620 (2008) (emphasis added).

 Kan. Stat. Ann. § 44-323(b) (2000) (statute amended in 2003 and now reads somewhat differently) (emphases added).

 Leonard, 63 P.3d at 327 (explaining that, unlike the Illinois and Kansas provisions, “Colorado’s Wage Claim Act does not contain language directly addressing the issue of corporate officer and agent personal liability for paying earned but unpaid wages”).

 Id.

 See Matter of Estate of Prestie, 122 Nev. 807, 814, 138 P.3d 520, 524 (2006) (recognizing the general rule of statutory construction that when one thing is mentioned, the exclusion of another is implied).

 See William E. Knepper & Dan A. Bailey, Liability of Corporate Officers and Directors § 6.01 (7th ed. 2006).

 NRS 78.747 (emphasis added).

 Leonard, 63 P.3d at 333.

 Cf. id. at 327-33.

 In support of their argument, appellants suggest that we utilize the “economic realities” test to determine respondents’ status as an employer. See Lambert v. Ackerley, 180 E3d 997, 1012 (9th Cir. 1999) (“where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the [Fair Labor Standards Act (FLSA)], and is subject to liability.” (quotations and citation omitted)). We decline to do so, however, since individual managers cannot be held personally liable under *1171 NRS Chapter 608 and the economic realities test is not an appropriate reflection of Nevada law. Moreover, respondents’ potential liability under the FLSA is beyond the immediate scope of this certified question, which asks us to address a pure question of Nevada law — whether individual managers can be held liable as employers for unpaid wages under NRS Chapter 608 — and, despite mentioning this test to resolve federal FLSA claims in Prieur v. D. C.I. Plasma Center, 102 Nev. 472, 726 P.2d 1372 (1986), we did not adopt that test in relation to the state law claims raised in that case and did not incorporate that test into Nevada’s wage and hour law.

 NRS 608.195 (“any person who violates any provision ... is guilty of a misdemeanor” and, in addition, “the Labor Commissioner may impose against the person an administrative penalty”); NRS 608.290 (same).

 704 A.2d 222, 225 (1997); see also Conn. Gen. Stat. § 31-71a (2008) (defining employer as “any individual, partnership, association, joint stock company, trust, corporation . . . employing any person”).

 See Butler, 704 A.2d at 223-24.

 See id. at 226-27; see also Conn. Gen. Stat. § 31-71g (2008) (stating that “any officer or agent of an employer or any other person authorized by an employer” is subject to criminal liability).