# IN THE SUPREME COURT OF THE STATE OF NEVADA

VINCENT HESSER, AN INDIVIDUAL,
Appellant,
vs.
HAROLD P. GEWERTER, AN
INDIVIDUAL; AND HAROLD P.
GEWERTER, ESQ., LTD., A NEVADA
DOMESTIC PROFESSIONAL
CORPORATION,
Respondents.

No. 80057

FILED

APR 1 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a contract dispute. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

In 2008, appellant Vincent Hesser executed two special power of attorney agreements permitting his attorney, respondent Harold P. Gewerter, to negotiate checks made payable to Hesser totaling $750,000 (the Funds). When Gewerter accepted the Funds, he and his law firm, respondent Harold P. Gewerter, Esq., Ltd., had represented Hesser and his related businesses for several years on a monthly flat-fee basis. In early 2012, Hesser ceased paying Gewerter, but Gewerter continued providing legal services to Hesser and his businesses until the end of 2015 when Gewerter denied Hesser's request to return the Funds. Hesser sued, alleging that Gewerter committed fraud and breached his fiduciary duties to Hesser by failing to safekeep and return the Funds to Hesser. The district court found that the Funds were for prepaid attorney fees that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21 - 11075

Gewerter earned between 2012 and 2015 and entered judgment for Gewerter.

Hesser first challenges the finding that the Funds were for prepaid legal fees. Having reviewed the record, we conclude that substantial evidence supports the district court's finding. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence). Both Hesser and Gewerter testified that Gewerter continued providing legal services to Hesser and his businesses from 2012 through the end of 2015 in some capacity, and neither party produced evidence that Hesser paid Gewerter after January 2012. The district court considered contradictory testimony as to the Funds' intended use, and we will not second guess its credibility determinations. *See In re T.R.*, 119 Nev. 646, 649-50, 80 P.3d 1276, 1278 (2003) ("[E]valuating the credibility of witnesses and the weight to be given their testimony is within the fact finder's province.").

We also conclude that the district court did not err when it found the special power of attorney agreements placed no restrictions on Gewerter's ability to deposit and negotiate the Funds. *See Redrock Valley Ranch, LLC v. Washoe Cty.*, 127 Nev. 451, 460, 254 P.3d 641, 647-48 (2011) (explaining that contract interpretation is a question of law this court reviews de novo). The agreements gave Gewerter the authority to "execute, negotiate, and deposit" the checks; they neither specified the account Gewerter should deposit the Funds into, nor contained any instructions or limits on what Gewerter was to do with the Funds after depositing them. *See Nevis v. Fid. N.Y., F.A.*, 104 Nev. 576, 578, 763 P.2d 345, 347 (1988) (providing that "[t]he extent of a power of attorney must be determined by

the language employed in the document" (internal quotation marks omitted)).

We reject Hesser's argument that the district court failed to determine whether Gewerter breached his fiduciary duties to Hesser. The district court found no breach of fiduciary duty because it found the Funds were for future legal fees. And we decline to consider Hesser's argument that the district court abused its discretion in admitting Gewerter's expert report and testimony because Hesser raises his objection for the first time on appeal.[2] *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that an argument not raised in the district court is "waived and will not be considered on appeal"); *see also* NRS 47.040(1)(a) (requiring "a timely objection or motion to strike . . . stating the specific ground of objection" to preserve the issue for appeal). We also conclude that Hesser waived the right to challenge the district court's admission of his testimony in a separate case, as he failed to object to that evidence throughout the entirety of the litigation.[3] *See Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983. To the extent Hesser challenges the district court's

---

[2]We disagree that Hesser's belated attempt to object to the expert report after it was admitted into evidence preserved Hesser's right to appellate review. *See Wagon Wheel Saloon & Gambling Hall, Inc. v. Mavrogan*, 78 Nev. 126, 129, 369 P.2d 688, 690 (1962) (declining to consider an objection made after the evidence had been admitted).

[3]To the extent Hesser argues the district court abused its discretion issuing a protective order barring discovery into Gewerter's finances, we need not consider this claim because Hesser fails to present any cogent argument or relevant authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that an appellant must "cogently argue, and present relevant authority, in support of his appellate concerns").

unclean hands finding because Hesser's testimony supported a different conclusion, we will not reweigh the district court's credibility determinations on appeal, *see Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (refusing to reweigh the district court's credibility determinations on appeal), and substantial evidence supports the district court's factual findings on this issue, *see Weddell*, 128 Nev. at 101, 271 P.3d at 748. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Elizabeth Goff Gonzalez, District Judge
      Ara H. Shirinian, Settlement Judge
      Law Offices of Byron Thomas
      Harold P. Gewerter, Esq., Ltd.
      Eighth District Court Clerk